568 A.2d 1316

**COMMONWEALTH of Pennsylvania**

v.

**Bonita Y. BASSION.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 1989.

Filed Jan. 22, 1990.

Jayne Shinko, Williamsport, for appellant.

Robert Fleury, Dist. Atty., Troy, for Com., appellee.

Before ROWLEY, BECK and TAMILIA, JJ.

ROWLEY, Judge.

This action was instituted by the Appellant, Bonita Y. Bassion, on December 9, 1988, by filing a document entitled *"PETITION FOR RECONSIDERATION AND REMAND"* in the criminal division of the trial court. In her petition, Appellant averred that: (1) on December 18, 1987, while operating a motor vehicle, she was stopped and given a citation by a police officer for driving without a license in violation of 75 Pa.C.S. § 1501(a); (2) she was "advised" by the "staff" of the District Justice that her license was "invalid" and she should "pay the fine;" (3) in reliance on the "advice" of the District Justice's "staff" she paid the

fine and costs in the amount of $42.50 on January 14, 1988; (4) in fact she had a valid driver's license on December 18, 1987, when she was stopped; (5) she was innocent of the offense charged; and (6) the District Attorney did not oppose her petition. Attached to appellant's petition was a photocopy of a driver's license issued in her name, validated on October 30, 1987, and containing an expiration date of August 31, 1991. Appellant prayed that the trial court "vacate" her summary conviction and remand her case to the District Justice for a further hearing.

The trial court issued a rule that was returnable January 18, 1989. The Commonwealth did not file an answer to appellant's petition or the rule. On January 18, 1989, the trial court entered an Order denying appellant's petition. There was no hearing at that time. A timely appeal was taken and the matter is now before us for disposition.[1] The issue, as framed by appellant, is whether the trial court abused its discretion in denying her petition without holding an evidentiary hearing and without making findings of fact. The Commonwealth has not filed an appellate brief. We will reverse and remand for an evidentiary hearing before the trial court.

The trial court has provided us with a detailed statement of its reasons for denying appellant's petition. According to the trial court: (1) the appellant, sometime after paying the fine and costs to the District Justice, received a notice from the Department of Transportation (DOT) that her operator's license would be suspended as a result of her summary conviction on January 14, 1988; (2) appellant appealed her license suspension in a civil proceeding and a hearing was held before the trial court on August 19, 1988;

1. Appellant originally filed her appeal in the Commonwealth Court. Subsequently the appeal was transferred to this Court. Appellant has included in her appellate brief matters dehors the official record in this case. Furthermore, she has, *ex parte,* included in the record of the trial court, after her appeal was filed, matters which she herself describes as "off-the-record activity." We do not condone such practice. We have limited our review of this appeal and based our decision only on those matters that are *properly* contained in the original record as certified to us.

(3) on September 1, 1988, the trial court denied Appellant's license suspension appeal because (a) the license suspension appeal had not been timely filed and (b) in any event, the evidence, which apparently consisted of the record of her summary conviction, was sufficient to support DOT's proposed suspension of Appellant's license; and (4) the order of September 1, 1988, *was not appealed.*[2] The trial court went on to note that it had denied Appellant's petition to vacate her summary conviction and remand the charge to the district justice for a hearing because (1) the same "matters were adequately addressed" by the court in the license suspension proceeding and decided on September 1, 1988, and (2) the lapse of almost a year from Appellant's conviction of the summary offense until initiating this proceeding made it improper to grant her request.

 The appropriate method of challenging the propriety of a summary conviction, whether after hearing or by plea, is by a timely appeal to the court of common pleas pursuant to Pa.R.Cr.P. 86. Such an appeal must be taken within 30 days of the sentence and when perfected the appeal is heard *de novo* by the Court of Common Pleas. Rule 86(g) provides that such an appeal is the *exclusive means* of challenging a summary conviction.[3] Although

2. The propriety of the trial court's order of September 1, 1988, denying Appellant's license suspension appeal in the civil proceeding is *not* before us in this appeal which is limited solely to Appellant's Summary Conviction before the District Justice.

3. We recognize that a panel of this Court expressed "serious doubt as to whether one who pleads guilty to a summary offense has any right of appeal." *Commonwealth v. Meshey,* 278 Pa.Super.Ct. 73, 75, 419 A.2d 1363 (1980). In spite of its expression of "doubt" however, the Court, in *Meshey,* addressed and decided the appeal "on the merits." Furthermore, an examination of the case cited by the Court in *Meshey* as giving rise to such a "doubt" shows that it does not constitute precedential authority for the denial of a right of appeal in such circumstances. In *Commonwealth v. Kauffman,* 249 Pa.Super.Ct. 600, 377 A.2d 986 (1977), it appears that the appeal to this Court was taken from an *"Order"* of the trial court that sustained the Commonwealth's petition to quash an attempted appeal to the trial court from summary convictions entered upon a "guilty plea." This Court's per curiam order, however, affirmed the *"[j]udgment of sentence"* without reference to the trial court's order. Under these circumstances, the per curiam order of this Court in *Kauffman* does not constitute a prece-

appellant's petition is not couched in such terms, and the trial court was not requested to consider and apply Rule 86, we have decided, under the circumstances of this case, that her petition should be viewed as a request for leave to take an appeal, *nunc pro tunc*, from her conviction of January 14, 1988.

Our Court has held that "[i]n proper cases, where a party has been prevented from appealing by reason of fraud or a wrongful or negligent act of a court official, the court may allow enlargement of time for appeal or appeal *nunc pro tunc*. It is obviously appellants' burden, however, to show such mitigating circumstances." *Conrad v. Kemmerer*, 301 Pa.Super. 410, 412, 447 A.2d 1032, 1034 (1982) (citation omitted). Accord, *Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121 (1983), *Commonwealth v. Meshey*, 278 Pa.Super. 73, 419 A.2d 1363 (1980). Furthermore, the party seeking leave to appeal *nunc pro tunc* must establish that they acted promptly to assert such a right upon learning of the existence of the grounds relied on for such relief.

In *Commonwealth v. Englert, supra,* the defendant sought leave to file an appeal, *nunc pro tunc*, from his summary conviction on the ground that "he had been unaware that the Department of Transportation would suspend his operating privileges because of such conviction." On appeal, a panel of our Court held that such a contention did not constitute an allegation that defendant's "failure to file a timely appeal had been caused by 'fraud or its equivalent' or because of a 'breakdown in the court's operation.'" The Court held that a District Justice is not "required to advise the motorist of a potential license suspension by the Department of Transportation in order that the appeal" period would begin to run against him. Similarly, in *Commonwealth v. Meshy, supra,* our Court held that the

dential approval or adoption of the trial court's analysis or holding. Thus, there is no appellate authority in Pennsylvania that supports a view that one who pleads guilty to a summary charge and pays the fine and costs cannot thereafter take an appeal pursuant to Rule 86. Therefore we have no doubt that a right of appeal does exist for "one who pleads guilty to a summary offense."

defendant's allegation "that he did not learn of the nature of the two offenses to which he pleaded guilty until ... he received a suspension notice from the Commonwealth" did not constitute an allegation of "fraud or excusable mistake" that entitled the defendant to file a *nunc pro tunc* appeal from his summary convictions. Unlike the defendants in *Englert* and *Meshy*, however, the appellant in this case has done more than allege that she was unaware of the collateral consequences of her plea of guilty or argue that the District Justice had a responsibility to inform her of such collateral consequences. On the contrary, she has alleged that she was given inaccurate information about the status of her operating privileges by the District Justice's staff and was "advised" to pay the fine and costs. Neither Mr. Englert nor Mr. Meshy alleged any incorrect or inaccurate information was given to them by the District Magistrate. Therefore, the decisions in *Englert* and *Meshy* do not mandate the trial court's decision in this case.

More akin to the factual situation of this case is that before the Commonwealth Court in *PennDOT v. Moore*, 120 Pa.Commw.Ct. 617, 554 A.2d 130 (1988). Although not binding on us, we find the opinion of the Commonwealth Court in that case to be persuasive. Although there were some "procedural and jurisdictional difficulties" in that case, the Commonwealth Court noted that the defendant, in support of his request for Allowance of an Appeal, *nunc pro tunc*, contended "that the district justice had advised him to pay his fines and that his driving privileges would be reinstated." The court, in holding that an appeal, *nunc pro tunc*, had properly been allowed, stated that it agreed "with the trial court that incorrect information given to the [defendant] by the District Justice is sufficient reason to permit an appeal, *nunc pro tunc*." Like the Commonwealth Court, we are of the opinion that the giving of incorrect and inaccurate information to an accused by the District Justice or his or her staff may, if established, constitute a breakdown in the court's operation that warrants the allowance of an appeal, *nunc pro tunc*. Al-

though the appellant in the case before us has not alleged that the information given to her by the District Justice's staff was the reason for her failure to appeal timely to the Court of Common Pleas, such may be a reasonable inference from her petition taken as a whole. Therefore, like the Commonwealth Court, we are of the opinion that appellant should be given the opportunity to present evidence at an evidentiary hearing in support of her request for allowance of an appeal, *nunc pro tunc.* A word of caution, however, may be appropriate. The appellant will be obliged to also prove that she acted promptly upon learning that the information given to her by the District Justice's staff was inaccurate. Therefore, we will remand this case to the trial court for the purpose of holding a evidentiary hearing on appellant's request to be allowed to appeal, *nunc pro tunc,* from her summary convictions.

"Appellant has also filed with this Court a Motion for Post–Submission Communication in which she seeks permission to file a Petition for Supersedeas. She has furnished us with a copy of the request for a supersedeas which she intends to file. We will grant the Motion for Permission to File the Petition for Supersedeas. In her petition for a supersedeas, appellant requests that we "grant a supersedeas of her license suspension pending the appeal of her conviction on the summary charge." However, we emphasize that the only matter before us on this appeal from the criminal division is appellant's attempt to challenge her summary conviction. *PennDOT v. Moore, supra.* The denial of her appeal from her license suspension was not appealed and it is not before us at this time. Therefore, we have no authority to enter an order dealing with the license suspension proceedings. Moreover, PennDOT is not a party in this proceeding and is not involved in this appeal. Thus, it is not amenable to any order we would now enter concerning appellant's operating privileges. See *Commonwealth Dept. of Transportation v. Arnold,* 109 Pa.Commw.Ct. 45, 530 A.2d 980 (1987) (trial court in a civil

proceeding involving a license suspension may not consider an attack on the underlying criminal conviction).

The Order of July 18, 1989, is vacated and the case is remanded for further proceedings in accordance with this opinion. Appellant's Motion for Permission to File a Post–Submission Communication is granted. Appellant's Petition for a Supersedeas is denied.

TAMILIA, J., concurs in the result.