573 A.2d 559

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William J. LIPTAK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 1990.

Filed April 11, 1990.

David A. McGowan, McKeesport, for appellant.

Paul H. Millin, Dist. Atty., Tionesta, for appellee.

Before McEWEN, BECK and HUDOCK, JJ.

HUDOCK, Judge.

This is an appeal from two orders entered by the Court of Common Pleas of Forest County, Criminal Division. On December 29, 1987, Appellant, William J. Liptak (hereinafter "Liptak"), pled guilty, in writing, to violating 75 Pa.C.S. § 1543(a) (relating to driving while operating privilege is suspended). Liptak subsequently received notice of license suspension from the Pennsylvania Department of Transportation. After unsuccessfully attempting to appeal his license suspension, Liptak petitioned the trial court to withdraw his guilty plea and have the case remanded for a hearing before the magistrate or, in the alternative, for an allowance of appeal *nunc pro tunc*. The first order subject to the instant appeal struck this petition; [1] the second order, entered the same day, denied a motion requesting the same relief. We affirm.

Liptak contends that the guilty plea itself was the result of misrepresentations made to him by the officer who

---

1. The trial court's action was in response to a Commonwealth motion to strike Liptak's petition.

issued the citation. He alleges that the officer assured him that no further suspensions would be imposed on his driving privileges were he to simply plead guilty to the charge involved. Liptak maintains that he accordingly pled guilty and requested no hearing before the magistrate, thereby relinquishing his right to a *de novo* hearing, before the Court of Common Pleas, from any adverse adjudication by the magistrate.

Liptak challenges the court's ruling by arguing that it abused its discretion in failing to grant a hearing on his petition where it contained arguably sufficient grounds for relief, striking the petition where it was unanswered and where it contained arguably sufficient grounds for relief, and denying the petition where it not only contained arguably sufficient grounds for relief, but also where it contained grounds for the assertion of certain defenses at a hearing before the magistrate or Court of Common Pleas.

The Commonwealth responds by arguing that in Pennsylvania appeals from summary convictions following a guilty plea do not lie. Furthermore, the Commonwealth points out that appeals from summary convictions must be filed within 30 days of conviction, a requirement which Liptak failed to meet, and that no provisions in state criminal procedure exist for the allowance of petitions for remand or appeal nunc pro tunc, a relief which Liptak requests.

We begin our analysis with the Commonwealth's assertion that appeals from summary convictions following a guilty plea do not lie. Recently, in *Commonwealth v. Bassion*, 390 Pa.Super. 564, 568 A.2d 1316 (1990), this Court concluded differently. There, the Court concluded that "[t]he appropriate method of challenging the propriety of a summary conviction, *whether after hearing or by plea,* is by a timely appeal to the court of common pleas pursuant to Pa.R.Crim.P. 86." *Id.,* 390 Pa.Superior Ct. at 567, 568 A.2d at 1318. (emphasis supplied). In reaching this conclusion, the court relied on the language of Rule 86(g), "that such an appeal is the *exclusive means* of challenging a summary conviction." *Id.* (emphasis in original). The

court, reconciling the lack of appellate authority in Pennsylvania supporting the view "that one who pleads guilty to a summary charge and pays the fine and costs cannot thereafter take an appeal pursuant to Rule 86[,]" confidently commented "we have no doubt that a right of appeal does exist for 'one who pleads guilty to a summary offense.'" *Id.*, at n. 3. This of course renders unnecessary any discussion of Liptak's arguments pertaining to whether the trial court abused its discretion when it denied his petition to withdraw his guilty plea since it is now clear that such relief would have been inappropriate as Liptak's remedy would have been to appeal to the court of common pleas for trial *de novo*.

However, Liptak did not commence his appeal within the 30 day time period proscribed in Rule 86. Thus, we must determine whether he is entitled to appeal *nunc pro tunc*. We recognize that judicial extensions of time are specifically prohibited by Section 5504 of the Judicial Code, except to relieve fraud or its equivalent. *Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121 (1983). Where the party seeking leave to appeal *nunc pro tunc* demonstrates that the delay in the filing the appeal was precipitated by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party, the court may allow enlargement of the time for appeal or appeal *nunc pro tunc*. *See, Commonwealth v. Bassion, supra; Commonwealth v. Englert, supra.*

In *Commonwealth v. Englert, supra*, we held that a defendant who was convicted after a hearing by a district justice of a summary violation under the Vehicle Code cannot appeal *nunc pro tunc* on the basis that he was unaware of the suspension which would result as a collateral consequence. We point out in that case that the defendant "did not allege that his failure to file a timely appeal had been caused by 'fraud or its equivalent'" and that, "thus, there is no legal or equitable reason for allowing an untimely appeal." *Englert*, 311 Pa.Superior Ct. at 83, 457 A.2d at 123, 124. However, in *Commonwealth v.*

*Bassion, supra,* we found that the giving of incorrect and inaccurate information to an accused by the district justice or by his or her staff may, if established, amount to a breakdown in the court's operation warranting the allowance of an appeal *nunc pro tunc. See also, Com. Dept. of Transportation v. Moore,* 120 Pa.Commw.Ct. 617, 554 A.2d 130 (1988). Thus, we remanded to permit the appellant an opportunity to present evidence at an evidentiary hearing in support of her request for allowance of an appeal *nunc pro tunc.*

■ Turning now to Liptak's petition, we must determine whether his allegations that his guilty plea was induced by the misrepresentations of the police officer who issued him the citation concerning the lack of collateral consequences amount to "fraud or a wrongful or negligent act of a court official." [2] After careful deliberation of the issue, we conclude that it is not.[3] A police officer is charged with the responsibility of enforcing the laws of the Commonwealth. Unlike a district justice, who is a member of the unified judicial system, 42 Pa.C.S.A. § 301, a police officer is not responsible for the administration of the judicial system. Clearly, a district justice, or a member of his or her staff, is a "court official" whose fraudulent, wrongful or negligent conduct causing injury to a party would, unquestionably, implicate the integrity of the judicial system. In such a situation, there would be little hesitation to conclude that a breakdown in the court's operation had occurred. However, we deem it ill-advised to consider police officers as among those who would be considered a "court official".

We realize that many would unthinkingly consider themselves as acting reasonably in relying on information con-

___

**2.** We expressly leave unresolved the question of whether such misrepresentations as have been alleged by Liptak occurred or not.

**3.** As discussed supra, the court below struck Liptak's petition and also, but separately, denied the relief sought therein. The court's actions were done without Liptak first having the opportunity of establishing his allegations in a hearing. Thus, were we to conclude today that Liptak alleged sufficient facts which, if established, would entitle him to appeal his conviction nunc pro tunc, we would, consistent with *Commonwealth v. Bassion,* remand to afford him such an opportunity.

474

cerning the consequences of pleading guilty to a Vehicle Code violation when that information is provided by the police officer issuing the citation. Legal advice should, however, be sought from those charged with that responsibility.

■ Moreover, even were we to accept Liptak's argument that the alleged misrepresentation rose to the level of fraud or its equivalent, we note that Liptak would, nevertheless, not be entitled to the relief for which he prays. A party who seeks leave to appeal *nunc pro tunc* has the burden of also establishing "that they acted promptly to assert such a right upon learning of the existence of the grounds relied on for such relief." *Commonwealth v. Bassion,* 390 Pa.Superior Ct. at 568, 568 A.2d at 1319. A review of the record in the instant case evinces a lack of the requisite promptness by Liptak. Liptak received a notice of suspension of operator's privileges from the Pennsylvania Department of Transportation, stemming from the conviction underlying this appeal, on or about January 24, 1989. After unsuccessfully appealing his license suspension, which appeal was commenced February 9, 1989, "[Liptak was] prompted ... to petition the lower court in the instance[sic] case to set aside his guilty plea based upon the trooper's misrepresentations." (Brief of Appellant, at 3.) Liptak's petition to the court of common pleas was not filed until April 4, 1989.

Accordingly, the orders are affirmed.