## PennDOT v. Beale

*Dennis C. McAndrews, assistant district attorney,* for the Commonwealth.

*Daniel A. Schwartz,* for defendant.

WRIGHT, *J.,* February 16, 1993—The defendant, Junius Beale, filed in this court a petition nunc pro tunc from a conviction in absentia for passing a school bus in violation of 75 Pa.C.S §3345(a). At the conclusion of a hearing held January 7, 1993, this court granted Beale's petition which allowed him to proceed on his summary appeal nunc pro tunc. The Commonwealth filed a timely appeal, necessitating this opinion.

At the hearing, Beale testified as follows: On December 2, 1991, a police officer stopped Beale for passing a school bus and issued a citation. Beale subsequently checked the not guilty plea and returned the citation with the full amount of the fine. Thereafter, Beale received a notice from the Pennsylvania Department of Transportation, dated June 2, 1992, informing him that his license was suspended due to a conviction on February 10, 1992. Pursuant to the instructions in that notice, Beale filed an appeal on July 1, 1992, in Philadelphia Court of Common Pleas, the county of his residence. That appeal was referred to our court where Judge Bradley entered an order, as agreed to between the parties, withdrawing the suspension appeal and postponing the suspension. Consequently, Beale filed the present petition.

Conversely, the Commonwealth presented no testimony at the hearing. They conceded that Beale did not have notice of the hearing or notice of the criminal conviction until receiving notice of his suspension. The Commonwealth did argue, however, that Beale failed to present grounds for an appeal nunc pro tunc, or in the alternative, Beale filed an untimely petition.

Pennsylvania law requires that an appeal be filed within 30 days after entry of the order from which the appeal is taken. That applies to appeals from summary convictions. The only exceptions are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations. *Commonwealth v. Jarema,* 404 Pa. Super. 121, 123, 590 A.2d 310, 311 (1991). (citations omitted)

In the present case, the court found a breakdown in the judicial system. The Pennsylvania Rules of Criminal Procedure mandate that the issuing authority, upon receiving a plea of not guilty, notify the defendant of the date and hour fixed for trial. Pa.R.Crim.P. 63(b)(3). The Rules also require that the issuing authority advise the defendant of his right of appeal and the time within which to exercise that right. Pa.R.Crim.P. 83(e). See also, Pa.R.Crim.P. 63(b)(3). Beale was never notified of his hearing. As a result, Beale was involuntarily convicted in absentia and denied advice concerning his right to file a timely appeal. Despite the foregoing, the Commonwealth argued at the hearing, and presumably will do so on appeal, that the failure to give notice of the hearing is irrelevant in light of the decision in *Commonwealth v. Liptac,* 392 Pa. Super. 468, 573 A.2d 559 (1990). Clearly, a party who seeks leave to appeal nunc pro tunc has the burden of establishing that he acted promptly to assert such right upon learning of the existence of the ground relied on for such relief. *Liptac* at 474, 573 A.2d at 562. However, this court found that the circumstances leading to the denial of an appeal nunc pro tunc in *Liptac* were distinguishable from the present matter.

In *Liptac,* the defendant initially pled guilty, in writing, to his alleged violation. Only after an unsuccessful attempt to appeal the license suspension did the defendant

petition for an allowance of an appeal nunc pro tunc, contending that the guilty plea itself was the result of misrepresentations about the collateral consequences of his plea made to him by the officer who issued the citation. *Liptac* at 470, 573 A.2d at 560. The court found that the defendant's allegations did not amount to "fraud or a wrongful or negligent act of a court official" since a police officer is not responsible for the administration of the judicial system. *Id.* at 473, 573 A.2d at 561. Furthermore, even if the defendant had alleged sufficient grounds to appeal nunc pro tunc, the court noted that he lacked the requisite promptness. *Id.* at 474, 573 A.2d at 562.

In the instant matter, Beale pled not guilty from the inception of his case. Due to the failure to provide notice, Beale was denied a hearing and was not given the proper advice on how to proceed with an appeal on the criminal conviction. When Beale received the notice of license suspension, which was also the first time he was put on notice of the conviction, he promptly followed the accompanying appeal instructions, which advised him to appeal in the county of his residence. Subsequently, Beale discovered that the court in the county of his residence was the wrong court in which to appeal the underlying conviction which gave rise to the license suspension.

For the above reasons, this court entered its order dated January 6, 1993, granting Beale's petition to appeal nunc pro tunc.