626 A.2d 138

COMMONWEALTH of Pennsylvania, DEPARTMENT
OF TRANSPORTATION, BUREAU OF DRIVER
LICENSING, Appellee,

v.

Kathleen M. TARNOPOLSKI, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 8, 1992.

Decided June 1, 1993.

Donald G. Scheck, for appellant.

Harold H. Cramer, Timothy P. Wile, for appellee.

Before LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

MONTEMURO, Justice.

Kathleen Tarnopolski (Tarnopolski) appeals from an order affirming a decision of the Court of Common Pleas of Monroe County which dismissed her appeal from the suspension of her operating privilege by the Department of Transportation, Bureau of Driver Licensing (DOT). 138 Pa.Cmwlth. 698, 589 A.2d 287 (1991). The issue presented is whether DOT offered sufficient evidence of a conviction to support the suspension. Finding that DOT failed to meet its burden of proof, we reverse.

Tarnopolski received a citation charging her with violation of § 6308 of the Crimes Code. 18 Pa.C.S.A. § 6308 (underage consumption of alcohol). On December 6, 1989, Tarnopolski, in accordance with Pa.R.Crim.P. 62, 63, pled not guilty to the charge, and returned the citation to the district justice. The district justice set a hearing for February 6, 1990. According to the testimony of Tarnopolski, on January 4, 1990 her father

requested an earlier hearing date since the February 6 hearing date conflicted with her school schedule. After the district justice found that an earlier date could not be arranged, her father paid the fine for underage drinking. The district justice found that the father's payment of the fine was an admission of guilt by Tarnopolski. On January 4, 1990, the district justice certified Tarnopolski's conviction for underage drinking to DOT. 18 Pa.C.S. § 6310.4.[1]

Tarnopolski consulted a lawyer who advised the district justice's office that the payment was not authorized, and that Tarnopolski wished to reinstate her not guilty plea and proceed with a hearing on the merits. As evidence of her desire to reinstate her not guilty plea, Tarnopolski points to an unsigned letter dated January 9, 1990, from District Justice Balliet's office to the Bureau of Driver Licensing. The letter reads:

> Putting hold on suspension of license for Kathleen Tarnopolski! To whom it may concern: Would you please put a hold on the license suspension of Kathleen Tarnopolski which was sent in by our office on January 4, 1990. She has changed her plea to not guilty and requesting a hearing. If you have any more questions please feel free to contact my office.

(Appellant's Appeal From Suspension of Driving Privileges, Exhibit C). The record does not reveal whether this letter was ever sent. However, since the district justice set another hearing date for the underage drinking charge, it is clear that reinstatement of her written not guilty plea was permitted.

On March 20, 1990, the district justice held a hearing on the underage drinking charge. Tarnopolski pled guilty to disorderly conduct, and the underage drinking charge was dismissed. Meanwhile, on February 21, 1990, DOT suspended Tarnopolski's operating privileges effective March 28, 1990.

1. Section 6310.4 requires the court to order the suspension of the operating privileges of a person who is convicted or adjudicated delinquent, or is admitted to any preadjudication program for violating, *inter alia*, § 6308 of the Crimes Code. A copy of the order is then transmitted to DOT, which then institutes a civil license revocation case.

The suspension was appealed to the Court of Common Pleas, which held a hearing on May 23, 1990. On May 30, 1990, the trial court dismissed Tarnopolski's appeal, and reinstated the ninety day suspension ordered by DOT. The Commonwealth Court affirmed. *Tarnopolski v. Commonwealth Department of Transportation, Bureau of Licensing,* 138 Pa.Commw. 698, 589 A.2d 287 (1991) (Pellegrini, J. dissenting). We granted allocatur and now reverse.

Our standard of review is identical to that of the Commonwealth Court. We are limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). In a license suspension case, the only issues are whether the licensee was in fact convicted, and whether DOT has acted in accordance with applicable law. DOT carries the burden to produce a record of the conviction that supports the suspension. *Zeitlen v. Department of Transportation,* 106 Pa.Commw. 170, 525 A.2d 876 (1987).

DOT concedes that Tarnopolski could have appealed her conviction based on the unauthorized entry of a guilty plea.[2] Nonetheless, DOT asserts that it has met its burden of proof by admitting into evidence a certified record of the January 4, 1990 conviction. The fact that the magistrate committed a patent legal error by entering the plea upon Tarnopolski's father's payment of a fine does not permit Tarnopolski to challenge her criminal conviction in a collateral civil proceeding. Rather, DOT argues that Tarnopolski must correct the magistrate's error by appealing the judgment of sentence of the underlying criminal conviction for underage drinking. DOT then reasons that the magistrate's subsequent dismissal of the criminal charge should not be given evidentiary weight

2. While the payment of a fine constitutes an admission of guilt for a Vehicle Code offense, Tarnopolski was cited for violating the Crimes Code. Thus, the proper mechanism for pleading guilty to a summary offense when a complaint is filed is set forth in Pa.R.Crim.P. 62, 64.

at the license revocation proceedings because any action taken after the initial conviction was a nullity. *See* Pa.Crim.R.P. 86(g);[3] *Commonwealth v. Liptak*, 392 Pa.Super. 468, 573 A.2d 559 (1990) citing *Commonwealth v. Bassion*, 390 Pa.Super. 564, 568 A.2d 1316 (1990) (exclusive method of challenging guilty plea to a summary offense is by direct appeal). Tarnopolski responds that evidence of the March 20, 1990 dismissal of the underage drinking charge rebutted DOT's evidence of conviction.

The Commonwealth Court held that the exclusive method for challenging a summary conviction is through an appeal of that conviction to the trial court. Therefore, once the conviction was not appealed, District Justice Balliet did not have jurisdiction to alter any determination of guilt. The court further held that since Tarnopolski cannot collaterally attack the validity of the underlying criminal conviction during a civil license suspension proceeding, the Commonwealth has met its burden of proof that the licensee was in fact convicted.

In essence, the Commonwealth Court held that Tarnopolski is not entitled to relief because of her failure to challenge, by direct appeal, the underlying summary conviction. However, the Commonwealth Court's analysis is flawed because the unauthorized guilty plea was withdrawn. Tarnopolski requested and received reinstatement of her prior not guilty plea. This reinstatement, by necessity, would require the magistrate to permit a withdrawal of the January 4, 1990 guilty plea. Once the guilty plea is withdrawn, and the charge for underage drinking dismissed, there was no longer a conviction to appeal. Further, the Commonwealth did not object to reinstatement of the not guilty plea during the underlying criminal proceedings and cannot now challenge whether the district justice committed legal error in permitting the withdrawal.

 DOT, relying on *Commonwealth v. Bassion*, 390 Pa.Super. 564, 568 A.2d 1316 (1990) and *Commonwealth v.*

---

**3.** Rule 86(g) provides: "This rule shall provide the exclusive means of appeal from a summary conviction. Courts of common pleas shall not issue writs of certiorari in such cases." Pa.R.Cr.P. 86(g), 42 Pa.C.S.A.

*Liptak,* 392 Pa.Super. 468, 573 A.2d 559 (1990), argues that the magistrate lacked jurisdiction to reinstate the not guilty plea and subsequently to dismiss the action. In *Liptak,* the Superior Court interpreted Rule 86(g) to preclude a party from withdrawing a guilty plea to a summary conviction subsequent to sentencing. We do not find *Liptak* to be an accurate interpretation of Rule 86(g), and to the extent that it stands for the proposition that a defendant cannot withdraw a guilty plea subsequent to sentencing in a summary proceeding, it is expressly overruled. Rule 86(g) discusses the method of appealing a summary offense, and does not foreclose a post-sentence petition to withdraw a plea.[4] Therefore, the district justice did have jurisdiction to permit a withdrawal of the guilty plea, and the subsequent dismissal of the underage drinking charge was not a nullity.

Accordingly, Tarnopolski's underage drinking charges were dismissed, and the evidence of the dismissal was sufficient to rebut DOT's evidence of a conviction. As a result, the suspension cannot stand.

Order Reversed.

NIX, C.J., did not participate in the consideration or decision of this case.

---

4. A litigant who petitions to withdraw a plea under these circumstances must meet the difficult post-sentence plea withdrawal standard. *See Commonwealth v. Khorey,* 521 Pa. 1, 555 A.2d 100 (1989). In the present case, DOT cannot challenge whether Tarnopolski met this standard in this collateral proceeding.