COMMONWEALTH of Pennsylvania, Appellant,

v.

Daniel G. SMIRGA.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Darlene BONETTI.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Dawn M. DABULIS.

Superior Court of Pennsylvania.

Submitted Dec. 1, 1993.

Filed March 2, 1994.

---

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Patrick J. Thomassey, Monroeville, for Smirga, appellee.

John Elash, Pittsburgh, for Bonetti, appellee.

Michael Machen, Pittsburgh, for Dabulis, appellee.

Before ROWLEY, President Judge, and JOHNSON and BROSKY, JJ.

JOHNSON, Judge.

On these consolidated appeals, we are asked to consider whether the Administrative Judge of the Criminal Division of the Court of Common Pleas of Allegheny County lacked jurisdiction to act upon motions for a new trial or in arrest of judgment on appeals from summary convictions brought more than five years following conviction. We find that the procedure for reinstating the right to file a statutory appeal was followed in none of these three cases. We also conclude that the trial court erred in attempting to grant relief without the presentation of any evidence to support appellants' unsworn allegations. Accordingly, we reverse the orders which either granted the motion in arrest of judgment *nunc pro tunc,* arrested judgment and ordered a new trial, or granted the motion for a new trial, respectively.

## PROCEDURAL HISTORY

The certified record in each of these three appeals is devoid of any information concerning proceedings within the office of the issuing authority, the district justices. Each appeal involves an original charge of retail theft. There are no summary citations, complaints, or magistrate's papers included within the records certified by the Allegheny County Clerk of Courts. The procedural data set forth in this decision are taken from the unsworn motions which led to the orders now under review.

### COMMONWEALTH V. SMIRGA— NO. 667 PITTSBURGH, 1993

In 1985, Daniel G. Smirga was charged with the summary offense of retail theft. Smirga pled guilty before District Justice Georgina Franci on August 17, 1985. No appeal was taken. On March 30, 1993, counsel for Smirga filed a Motion in Arrest of Judgment and/or New Trial *Nunc Pro Tunc.* On April 15, 1993, the Honorable Robert E. Dauer issued an order arresting judgment in the case. Upon denial of the Commonwealth's Motion for Reconsideration, this appeal followed.

## COMMONWEALTH V. BONETTI—
## NO. 755 PITTSBURGH, 1993

In January, 1982, Darlene Bonetti was charged with the summary offense of retail theft. On March 4, 1982, Bonetti was found guilty and paid a $51 fine. No appeal was taken. On February 19, 1993, counsel for Bonetti filed a Motion for New Trial and Arrest of Judgment. On April 19, 1993, Judge Dauer granted the motion. Upon denial of the Commonwealth's Motion for Reconsideration, this appeal followed.

## COMMONWEALTH V. DABULIS—
## NO. 756 PITTSBURGH, 1993

Dawn Dabulis was charged with the summary offense of retail theft on June 17, 1987. She was found guilty and, on August 10, 1987, paid the fine and costs totalling $76.50. No appeal was taken from the conviction. On March 29, 1993, counsel for Dabulis filed a Motion for New Trial and/or Arrest of Judgment. Judge Dauer denied the motion on April 12, 1993, the order denying relief being placed upon an identical copy of the original motion, except that the copy bears a filing date of April 12, 1993, and does not bear the signature of counsel, Michael J. Machen, Esquire. Judge Dauer granted a Motion for Reconsideration filed April 20, 1993, and remanded the case to the district justice for a new hearing. Upon denial of the Commonwealth's Motion for Reconsideration of the Order Granting Motion for New Trial, this appeal followed.

### FACTUAL BACKGROUND

In one appeal, the motion for new trial alleges that the defendant has worked as a security guard at an institution of higher learning in the Pittsburgh area and that the defendant's retail theft conviction was uncovered when application was made for an opening as a police officer and a background check was instituted. Defendant alleges denial of the promotion and loss of the security job for providing false information to the institution.

In another appeal, defendant has been employed by a Pittsburgh law firm and had applied for entry into law school.

Defendant alleges that the retail theft conviction may block acceptance to law school. At the time of the conviction, defendant was 17 years old, did not appear with counsel, and was unaware of the consequences of a guilty plea.

In the third appeal, the defendant alleges that the fine was paid without representation by counsel, without defendant being appraised of appeal rights, and without understanding the effect of paying the fine. The motion alleges that defendant has had no further contact with the criminal justice system, and that the retail theft conviction has "prevented Defendant from securing certain employment on numerous occasions."

## QUESTIONS PRESENTED

The Commonwealth presents two issues for our consideration. The first question asks:

I. Whether the Court of Common Pleas lacked jurisdiction to arrest judgment and/or grant new trials in the present cases?

Subsumed under that question are the two issues:

A. Whether a motion for new trial and/or arrest of judgment is not a proper motion to challenge the voluntariness of a guilty plea to a summary offense at the District Justice level? and

B. Whether the Administrative Judge of the Court of Common Pleas of Allegheny County, Criminal Division, has jurisdiction to act upon appeals from summary convictions?

The second question presented for our consideration is:

II. Whether the retail theft defendant/appellants in the trial court failed to offer adequate proof in support of their requests for relief?

In *Commonwealth v. Bassion,* 390 Pa.Super. 564, 568 A.2d 1316 (1990), this Court set forth, once again, the general rules governing appeals to courts of common pleas from summary convictions. We there said:

The appropriate method of challenging the propriety of a summary conviction, whether after hearing or by plea, is by a timely appeal to the court of common pleas pursuant to Pa.R.Crim.P. 86. Such an appeal must be taken within 30 days of the sentence and when perfected the appeal is heard *de novo* by the Court of Common Pleas. Rule 86(g) provides that such an appeal is the *exclusive means* of challenging a summary conviction.

*Id.* at 567, 568 A.2d at 1318. We went on to state, with respect to the timeliness requirement:

Our Court has held that "[i]n proper cases, where a party has been prevented from appealing by reason of fraud or a wrongful or negligent act of a court official, the court may allow enlargement of time for appeal or appeal *nunc pro tunc*. It is obviously appellants' burden, however, to show such mitigating circumstances." Furthermore, the party seeking leave to appeal *nunc pro tunc* must establish that they acted promptly to assert such a right upon learning of the existence of the grounds relied on for such relief.

*Id.* at 568, 568 A.2d at 1318–19 (citations omitted).

Rule 86 of the Pennsylvania Rules of Criminal Procedure expressly provides, in pertinent part, as follows:

**RULE 86. APPEALS FROM SUMMARY JUDGMENTS**

(a) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers.

\* \* \* \* \* \*

(f) When a defendant appeals after conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing

authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct. In appeals from summary proceedings arising under the Motor Vehicle Code (Title 75 of Pennsylvania Consolidated Statutes) or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. Unless the presence of the law enforcement officer is waived in open court by the defendant, the failure of the officer to appear and testify shall result in a dismissal of the charges.

(g) This rule shall provide the exclusive means of appealing from a summary conviction. Courts of common pleas shall not issue writs of certiorari in such cases.

 An examination of each of the motions originally filed in the Criminal Division of the Court of Common Pleas of Allegheny County reveals that no defendant sought a trial *de novo*. More to the point, Allegheny County has established a procedure governing appeals from adjudications of the district justices. Rule 68.1 of the Allegheny County Local Rules of the Criminal Division as adopted March 6, 1986, effective April 28, 1986, expressly provides:

### RULE 68.1 Statutory Appeals

All appeals filed pursuant to Rules 67 and 68 of the Rules of Criminal Procedure from adjudications by the several district justices in Allegheny County or by the magistrates of the Pittsburgh City Court finding a defendant guilty of summary offenses under the Crimes Code or the Motor Vehicle Code shall be filed with the Office of the Prothonotary of the Court of Common Pleas of Allegheny County in Room 516, Courthouse; such appeals shall be referred to as "statutory appeals."

(a) The prothonotary shall maintain a separate docket and numbering system for statutory appeals.

(b) The prothonotary shall issue a subpoena for the appearance of the affiant/prosecutor and, upon written request, any other material witness whose appearance is deemed necessary by the parties.

(c) All statutory appeals shall be heard by the Administrative Judge of the Civil Division or his designee.

(d) All parties and such witnesses as are under subpoena shall appear, with or without counsel, at 9:30 A.M. on the date set for hearing at the courtroom of the judge designated to hear the matter.

We are constrained to conclude that these matters could only have been heard by the Administrative Judge of the Civil Division or that judge's designee, by virtue of the Rules of the Criminal Division itself. We take judicial notice of the fact that at no time material to the three appeals now before us had the Administrative Judge of the Civil Division designated the most distinguished Administrative Judge of the Criminal Division to hear any statutory appeals. For this reason alone, we would be required to reverse the orders which sought to grant new trials or arrest judgment.

An appeal taken more than 30 days past the entry of the judgment will be granted only where extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to the appealing party has occurred. *Commonwealth v. Jarema*, 404 Pa.Super. 121, 123–24, 590 A.2d 310, 312 (1991); *Commonwealth v. Liptak*, 392 Pa.Super. 468, 472, 573 A.2d 559, 561 (1990), *overruled on other grounds*, 533 Pa. 549, 554, 626 A.2d 138, 141 (1993). In *Commonwealth v. Bassion, supra*, 390 Pa.Super. at 569, 568 A.2d at 1319, we emphasized that the giving of incorrect and inaccurate information to an accused by a District Justice or her staff may, *if established*, constitute a breakdown in the court's operation warranting the allowance of an appeal *nunc pro tunc*.

In the three appeals now before us, none of the summary conviction defendant/appellants presented any evidence in support of their requests for relief. The trial court acted solely on the untested allegations contained in the motions, none of which contained a verification as required by Pa.R.C.P. 1024. We need not decide whether the allegations included in the motions, if presented to the trial court in conformity with the

applicable rules, would, if proven, constitute grounds for relief. Allegations regarding difficulties in securing or retaining employment or in gaining admission to a particular school constitute collateral consequences, at best, to the summary convictions now before us. We have said:

> One can possibly contemplate many collateral consequences that may flow from a criminal conviction. To permit an appeal period to be extended whenever a defendant has failed to contemplate or has not been judicially advised of all collateral consequences of a conviction would be unrealistic and would, to a large extent, nullify established appeal periods. We conclude, therefore, that a failure to anticipate collateral consequences is an inadequate basis on which to allow an untimely appeal.

*Commonwealth v. Englert*, 311 Pa.Super. 78, 82–3, 457 A.2d 121, 123–24 (1983); *accord Commonwealth v. Nicholas*, 405 Pa.Super. 242, 249, 592 A.2d 98, 101 (1991), *appeal denied*, 529 Pa. 647, 602 A.2d 858 (1992).

The Commonwealth has asked this Court to provide guidance on the issue of delay, should these matters be remanded for further proceedings. We decline to speculate whether evidence that might be placed before the trial court in the course of a *de novo* appeal would rise to a level of such prejudice as to bar relief. We are satisfied that the procedure utilized thus far has not been in accordance with established rules. Nevertheless, we would not foreclose the right of each defendant to first plead, and then seek to prove in an evidentiary hearing, that the facts which initially prompted the submission of a motion for new trial may form the basis for establishing a breakdown in the operation of the courts justifying the allowance of an appeal *nunc pro tunc.*

Accordingly, we reverse all three of the orders from which these consolidated appeals have been taken and remand the cases to the trial court for the purpose of holding evidentiary hearings on the defendants' requests to be allowed to appeal *nunc pro tunc*, provided petitions for such relief are filed within sixty days of the remand of the record in these cases.

*See Commonwealth v. Bassion, supra,* 390 Pa.Super. at 570, 568 A.2d at 1319.

Orders Reversed. Cases Remanded. Jurisdiction Relinquished.