Commonwealth of Pennsylvania       :
                                   :
          v.                       :
                                   :
Michael J. Murnin III,             :       No. 37 C.D. 2020
          Appellant                :       Submitted: February 18, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: June 30, 2022


Michael J. Murnin, III (Murnin) appeals from the Wayne County Common Pleas Court's (trial court) February 7, 2019 order denying his motion to appeal *nunc pro tunc* (Appeal *Nunc Pro Tunc*). Murnin presents three issues for this Court's review: (1) whether the trial court abused its discretion by not properly applying the applicable law to the facts; (2) whether the trial court abused its discretion by failing to exercise its discretion; and (3) whether substantial evidence supported the trial court's decision. After review, this Court affirms.

On December 22, 2017, Pennsylvania Game Commission (Commission) State Game Warden Frank J. Dooley (Warden Dooley) cited Murnin for the following violations: Unlawful Shooting On or Across a Highway,[1] Citation

---

[1] Section 2504(a) of the Game and Wildlife Code (Code) provides:

> It is unlawful for any person to shoot at any game or wildlife while it is on a public highway or on a highway open to use or used by the public or to shoot across a public highway or a highway or roadway open to use or used by the public unless the line of fire is high enough above the elevation of the highway to preclude any danger to the users of the highway. It shall be unlawful for any person, after

No. 819089 (Shooting On or Across a Highway); and hunting by Use of Vehicle or Conveyance Propelled by Other than Manpower,[2] Citation No. 819086 (Use of a Vehicle). On June 21, 2018, a Magisterial District Judge (MDJ) held a hearing, found Murnin guilty of Shooting On or Across a Highway (Conviction), and fined Murnin $300.00, plus court costs.[3] On July 23, 2018, the MDJ found Murnin not guilty of Use of a Vehicle. By August 3, 2018 letter (Revocation Notice), the Commission notified Murnin that it was revoking his hunting license for one year beginning July 1, 2019, based on his Conviction.[4] *See* Reproduced Record (R.R.) at 49a.

---

> alighting from a motor vehicle being driven on or stopped on or along a public highway or road open to public travel, to shoot at any wild bird or wild animal while the person doing the shooting is within 25 yards of the traveled portion of the public highway or road open to public travel.

34 Pa.C.S § 2504(a).

[2] Section 2308(a)(7) of the Code prohibits the hunting of game or wildlife through the use of "[a] vehicle or conveyance of any kind or its attachment propelled by other than manpower." 34 Pa.C.S § 2308(a)(7).

[3] There are different perspectives on what occurred at the MDJ hearing. The trial court stated that Murnin "pled guilty and was subsequently convicted . . . ." Reproduced Record (R.R.) at 83a. In its brief, the Commonwealth of Pennsylvania (Commonwealth) represents that "[a]t the hearing before [the MDJ], there was some conversation between [] Murnin's counsel and [] Warden Dooley regarding a possible plea negotiation, however, ultimately, [] Murnin decided to proceed to a hearing. At the conclusion, [the MDJ] found Murnin guilty . . . ." Commonwealth Br. at 2. Murnin states that he

> entered a plea of not guilty and appeared to defend himself at a summary trial before [the MDJ] . . . . [A] trial was commenced and during that hearing, an agreement was reached between the parties [whereby t]he [MDJ] would find Murnin guilty of the offense of Shooting [On] or Across a [Highway]. The [MDJ] would continue the hearing as to the second charge, [Use of] a Vehicle. If Murnin did not file an appeal on the first charge, he would be found not guilty of the second charge.

Murnin Br. at 8-9. Nonetheless, Murnin was convicted of Shooting On or Across a Highway.

[4] Section 929(a) of the Code provides, in relevant part:

2

Murnin timely requested a hearing concerning his license revocation. A Hearing Officer held a hearing on November 8, 2018. On November 9, 2018, the Hearing Officer recommended that the Commission's revocation of Murnin's hunting and furtaking privileges be rescinded. On November 16, 2018, the Commission's Executive Director (Executive Director) issued a final order (Final Order) notifying Murnin that the Commission did not concur with the Hearing Officer's recommendation, and that its August 3, 2018 license revocation remained as ordered. On December 17, 2018, Murnin appealed to this Court from the Commission's November 16, 2018 Final Order.[5] Ultimately, this Court upheld the

---

[A]ny hunting or furtaking license . . . granted under the authority of [the Code] **may be** denied, **revoked** or suspended by the [C]ommission when the holder of the license . . . is convicted of an offense under [the Code] or has acted contrary to the intent of the registration or permit[.]

34 Pa.C.S. § 929(a) (emphasis added). Further, Section 2741(b) of the Code specifies:

In addition to any penalty and costs imposed by [the Code], the [C]ommission **may revoke** any hunting or furtaking license and deny any person the privilege to secure a license or to hunt or take furbearers anywhere in this Commonwealth, with or without a license, . . . if the licensee or person:

(1) Has [] been convicted . . . of violating any of the provisions of [the Code] for such periods as are specified in this subchapter.

34 Pa.C.S. § 2741(b) (emphasis added). Finally, Section 2742(a) of the Code prescribes a revocation period:

[F]or the first offense any person convicted . . . of violating any of the provisions of [the Code] **may be denied** the privilege to hunt or take wildlife anywhere in this Commonwealth, with or without a license, for a period not to exceed three years as the [C]ommission determines.

34 Pa.C.S. § 2742(a) (emphasis added).

[5] On February 6, 2020, this Court vacated the Commission's Final Order and remanded the matter to the Commission to clarify the basis for the license revocation. The Commission did so in a February 26, 2020 final order, from which Murnin appealed.

3

Commission's license revocation. *See Murnin v. Pa. Game Comm'n* (Pa. Cmwlth. No. 325 C.D. 2020, filed Jan. 11, 2021).

On January 3, 2019, more than five months after his Conviction,[6] Murnin filed the Appeal *Nunc Pro Tunc* with the trial court. Therein, Murnin alleged that he did not appeal from his Conviction because he believed that no hunting license revocation would result therefrom. *See* R.R. at 67a. In a supporting trial brief, Murnin alleged that, following the MDJ hearing, Murnin's counsel and Warden Dooley reached an agreement that if Murnin did not appeal from his Conviction, the MDJ "would hold off on a finding of guilt as to the [Use of a Vehicle] charge," which "carries an *automatic* license suspension." R.R. at 70a (emphasis added). Murnin contended that "it was the intent of the parties to avoid the suspension of [] Murnin's [hunting] license . . . ." R.R. at 70a-71a. On February 7, 2019, the trial court denied Murnin's Appeal *Nunc Pro Tunc* for failure to file the appeal within a reasonable time.

Murnin first argues that the trial court abused its discretion by not properly applying the applicable law to the facts. Murnin contends that the MDJ's failure to properly inform him of his ability to appeal to the trial court entitles him to an appeal *nunc pro tunc*. Murnin cites *Commonwealth v. Liptak*, 573 A.2d 559 (Pa. Super. 1990),[7] to support his position. The *Liptak* Court opined that "the giving of incorrect and inaccurate information to an accused by [an MDJ] or by his or her staff may, if established, amount to a breakdown in the court's operation warranting the allowance of an appeal *nunc pro tunc*." *Liptak*, 573 A.2d at 561.

---

[6] Murnin argues that he promptly filed his Appeal *Nunc Pro Tunc* because he filed his appeal shortly after the Commission issued its Final Order revoking his hunting license, and, "since the [trial court] hears motions on Tuesdays and Thursdays[,]" "there were only four available dates, December 18, 20, [and] 27[, 2018] and January 3, 2019." Murnin Br. at 12, n.7.

[7] *Liptak* was overruled on other grounds by *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 626 A.2d 138 (Pa. 1993).

Murnin was represented by counsel before the MDJ.[8]  *See* R.R. at 9a-10a, 19a-20a, 44a.  Nonetheless, Murnin asserts that he

> was not informed of his right to appeal[;] on the contrary[,] it was his understanding that[,] pursuant to the terms of the agreement between the parties, he could *not* appeal.  **The [a]greement** operated to not just deprive him of his knowledge of the right to appeal, but precluded it altogether by its very terms.

Murnin Br. at 22 (bold emphasis added).  Thus, Murnin asserts that it is the purported agreement his counsel negotiated that caused his alleged ignorance of his appeal rights.

The Pennsylvania Superior Court has explained that "[a]n appeal taken more than 30 days past the entry of the judgment will be granted only where extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to the appealing party has occurred."  *Commonwealth v. Smirga*, 638 A.2d 229, 232 (Pa. Super. 1994).

However,

> [a] party seeking leave to appeal from a summary conviction *nunc pro tunc* has the **burden** of demonstrating two things: (1) that the delay in filing his appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party **and** (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, he acted promptly to seek such relief.

---

[8] The trial court stated that "[o]n July 23, 2018, **pro se** [Murnin] pled guilty and was subsequently convicted of [Shooting On or Across Highways] . . . ."  R.R. at 84a (italics omitted; emphasis added).  However, the Docket Sheet reflects that Murnin **was represented** before the MDJ by the same counsel as in the instant appeal, and that he was found guilty on **June 21**, **2018**.  *See* R.R. at 43a-44a.  Further, Murnin testified that his counsel had discussions with Warden Dooley at the June 21, 2018 hearing regarding the charges.  *See* R.R. at 19a-20a.  Murnin was found not guilty of Use of a Vehicle on **July 23**, **2018**.  *See* R.R. at 46a.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1212 (Pa. Super. 1994) (bold and underline emphasis added).

> With respect to a party's responsibility to act promptly:
>
> A party seeking permission to file an appeal *nunc pro tunc* must . . . establish that (1) **the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness**; (2) **the elapsed time period is of very short duration**; and (3) the appellee will not be prejudiced by the delay.

*H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (bold emphasis added). Thus, it is essential that a party seeking *nunc pro tunc* relief act **promptly** upon learning of grounds for such relief. *See id.*; *see also Yohe*; *Smirga*.

Here, Murnin testified that the purported June 21, 2018 MDJ hearing agreement led him to believe that if he declined to appeal from his Conviction, he would be found not guilty of the Use of a Vehicle charge (for which a conviction results in mandatory license revocation) and his hunting license would not be revoked.[9] He claims that he did not appeal from the Conviction because of that understanding. Further, Murnin claims that he was not informed of his right to appeal.[10] Assuming, arguendo, that Murnin's contentions are true, Murnin must demonstrate that he acted promptly once he learned of the existence of grounds for *nunc pro tunc* relief.

---

[9] Notwithstanding, Murnin admitted at the trial court's hearing on the Appeal *Nunc Pro Tunc* that he did not read the notice on the back of the Shooting On or Across a Highway citation, which stated that the Commission could choose to revoke his hunting license even if such revocation was not mandatory. *See* R.R. at 18a. Further, Sections 929(a) and 2741(b) of the Code permit the Commission to revoke a hunting license for convictions arising from violations of the Code.

[10] Murnin testified at the trial court hearing that following the MDJ hearing he "was not going to appeal." R.R. at 20a. He further stated he "was not going to need [his appellate rights] because we had an agreement." R.R. at 21a. It is logical that the MDJ would not have advised Murnin of his appeal rights since Murnin, as a party to the alleged agreement, consented to forfeiting his rights to appeal after discussion with his counsel.

The Commission sent Murnin the Revocation Notice on August 3, 2018, stating therein that Murnin's license was revoked for one year effective July 1, 2019, thereby clearly revealing that if there was an agreement, the Commission would not adhere to it. The Commission issued its Final Order upholding the license revocation on November 16, 2018. Notwithstanding, Murnin did not file his Appeal *Nunc Pro Tunc* from the Conviction until January 3, 2019, approximately **196 days** after his Conviction, **153 days** after the Revocation Notice, and **48 days** after the Final Order – all of which are well beyond the 30-day appeal period.

Murnin asserts that he diligently pursued his challenge to the license revocation after the Commission issued its Final Order on November 16, 2018, by filing an appeal therefrom to this Court on December 17, 2018, and by filing the Appeal *Nunc Pro Tunc* from his Conviction to the trial court on January 3, 2019. However, Murnin was aware on or about August 3, 2018, that the Commission intended to revoke his hunting license. Yet, Murnin did not file an appeal from the Conviction until 153 days later. Thus, Murnin did not file his Appeal *Nunc Pro Tunc* "within a short time after learning of and having an opportunity to address the untimeliness[,]" and "the elapsed time period [was] [not] of very short duration[.]" *H.D.*, 751 A.2d at 1219. Accordingly, the trial court properly applied the law to the facts and denied Murnin's Appeal *Nunc Pro Tunc* for failure to file the appeal within a reasonable time.

Murnin next argues that the trial court abused its discretion by failing to exercise its discretion. Murnin asserts:

> The [t]rial [c]ourt avoided the uncomfortable issue present in this case where there was conflict[ing] testimony between two witnesses. Rather than wade through the legal issues involved[,] it chose to avoid the matter altogether by relying . . . solely upon how much time had passed since the date of the [MDJ hearing] . . . ."

7

Murnin Br. at 27.

"Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the trial court . . . ." *Baker v. City of Phila.*, 603 A.2d 686, 689 (Pa. Cmwlth. 1992) (emphasis omitted). "The trial court abuses its discretion when it misapplies the law or when it reaches a manifestly unreasonable, biased or prejudiced result." *Allen v. Thomas*, 976 A.2d 1279, 1281 n.6 (Pa. Cmwlth. 2009). Contrary to Murnin's contention, the trial court properly concluded that Murnin had failed to satisfy a necessary element for *nunc pro tunc* relief – prompt action seeking such relief. *See H.D.*; *Yohe*. Having concluded that Murnin failed to promptly seek *nunc pro tunc* relief, the trial court correctly denied the Appeal *Nunc Pro Tunc*. Thus, the trial court did not fail to exercise its discretion but, rather, properly determined that Murnin did not meet the requirements for *nunc pro tunc* relief.

Finally, Murnin argues that substantial evidence does not support the trial court's decision. Murnin asserts that the evidence shows that he "did everything within his power to advance his legal interests and did so in a timely manner *under the circumstances*." Murnin Br. at 29. In particular, Murnin urges:

> The record reflects that Murnin [appeared before] the [MDJ] to defend himself and did not pursue an appeal after paying his fine the following day, because he was under the belief that his hunting privileges would remain intact. The moment that he learned his hunting privileges were being suspended, he launched an administrative appeal pursuant to the notices contained in the administrative paperwork he received from the [Commission]. He requested a hearing and he retained counsel to represent him at the hearing. Murnin was meritorious at the hearing and the Finding of Fact and Recommendation issued by [Commission] Hearing Officer Abom was in his favor. After the [Commission's] Hearing Officer was overruled by the [Commission] he again retained counsel and perfected an appeal of that issue to the Commonwealth Court. It was only during this process that he was informed by his legal counsel that he could in fact file an

8

appeal *nunc pro tunc*. Upon learning of this fact, he acted diligently and promptly and filed the [A]ppeal [*N*]*unc* [*P*]*ro* [*T*]*unc*.

Murnin Br. at 29-30 (italics added; citations omitted).

"Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support [a] conclusion." *Ives v. Bureau of Prof'l & Occupational Affairs*, *State Bd. of Med.*, 204 A.3d 564, 578 (Pa. Cmwlth. 2019) (quotation marks omitted). The record evidence reveals that notwithstanding the above assertions, although Murnin received the Revocation Notice on or about August 3, 2018, and the Commission issued its Final Order on November 16, 2018, Murnin did not file his Appeal *Nunc Pro Tunc* until January 3, 2019. Accordingly, substantial evidence supported the trial court's denial of Murnin's Appeal *Nunc Pro Tunc* for failure to file the appeal within a reasonable time.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. :
:
Michael J. Murnin III, : No. 37 C.D. 2020
Appellant :

# O R D E R

AND NOW, this 30th day of June, 2022, the Wayne County Common Pleas Court's February 7, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge