Jennifer Ann **BERNER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 1999.

Decided Feb. 25, 2000.

Bryan S. Neiderhiser and Timothy P. Wile, Asst. In-Charge, Pittsburgh, for appellant.

Dennis W. McCurdy, Mars, for appellee.

Before DOYLE, President Judge, and COLINS, J., and LEADBETTER, J.

LEADBETTER, Judge.

The Department of Transportation, Bureau of Driver Licensing appeals from the order of the Court of Common Pleas of Butler County sustaining Jennifer Ann Berner's license suspension appeal. The Bureau contends that pursuant to the Drivers' License Compact, 75 Pa.C.S. § 1581, it is authorized to suspend Berner's Pennsylvania license. However, Berner does not have a Pennsylvania driver's license. Therefore, the court of common pleas sustained Berner's appeal and, we affirm.

At the time of her arrest in New York for driving while intoxicated in violation of N.Y.Veh. & Traf. Law § 1192(3), Berner, a student at the Culinary Institute of America in New York, was still licensed in Pennsylvania, where she had been living with her parents. After the arrest, she obtained a New York license, based on residency in Poughkeepsie, New York. Berner surrendered her Pennsylvania driver's license when she received the New York license. Subsequently, she pled guilty to driving while intoxicated. She retained her New York license after satisfactorily completing the penalty requirements imposed by New York on first time DWI offenders.[1]

Evidently based upon the license produced by Berner at the time of her arrest, the New York Department of Motor Vehicles reported Berner's conviction to the Bureau. The Bureau then notified Berner by mail that as a result of her conviction in New York for an offense equivalent to a violation of 75 Pa.C.S. § 3731, her Pennsylvania operating privileges would be suspended for one year, as directed by 75 Pa.C.S. § 1532(b). The court of common

---

1. At the hearing in common pleas court, Berner testified that she appeared before a victim impact panel, attended a series of safe driving classes at the local community college and attended approximately eight sessions with a psychologist.

pleas sustained Berner's statutory appeal. The Bureau then filed the instant appeal.

The Bureau's authority under the Compact to suspend the operating privileges of a Pennsylvania licensee in accordance with Pennsylvania law arises when the Bureau receives proper notification that such a licensee has been convicted by a member state of a DUI offense substantially similar to the offense articulated in Article IV(a)(2) of the Compact.[2] 75 Pa.C.S. § 1581. *See also Sullivan v. Department of Transportation, Bureau of Driver Licensing,* 550 Pa. 639, 708 A.2d 481 (1998). At the time of her New York conviction, Berner was no longer licensed in Pennsylvania. Consequently, the Bureau was no longer a "home state" as defined in the Compact and thus lacked the authority under the Compact (as well as the ability, as a practical matter) to suspend Berner's driver's license.[3]

Accordingly, the order of the court of common pleas is affirmed.

### ORDER

AND NOW, this 25th day of February, 2000, the order of the Court of Common Pleas of Butler County in the above captioned matter is hereby affirmed.

**2.** Article IV(a) states, in relevant part:

The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

**3.** The Bureau complains that Berner has taken unfair advantage of a "loophole" by changing her residence and driver's license to a state with more lenient suspension rules for first time convictions. This may be so, but the Bureau fails to explain how it, or for that matter this court, has any power or authority to correct this perceived injustice. The fact remains that Berner has only a New York license, and only the New York authorities may restrict or suspend the privileges it grants. Of course, should Berner again apply for a Pennsylvania driver's license, the Bureau may consider the New York conviction in determining whether to issue her a license. See Article V(2) of the Compact, 75 Pa.C.S. § 1581.