**Robert EVANS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted April 19, 2002.

Decided June 6, 2002.

Richard R. Fink, Langhorne, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Robert Evans (Licensee) appeals from an order of the Court of Common Pleas of Bucks County (trial court), dismissing his statutory appeal from the one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), pursuant to Section 1532(b)(3) and Article IV(a)(2) of Section 1581 of the Vehicle Code (Code), 75 Pa.C.S. §§ 1532(b)(3), 1581.[1] We affirm.

Licensee was the holder of a Pennsylvania driver's license while he resided in Holland, Pennsylvania. After separating from his wife and children in February of 1999, Licensee established a personal residence in Baltimore, Maryland. In May of 2000, Licensee became a permanent resident of Maryland. On October 30, 2000, Licensee was convicted for violating New Jersey's driving under the influence (DUI) statute.[2] The following day, October 31, 2000, Licensee surrendered his Pennsylvania driver's license to Maryland authorities and was issued a Maryland driver's license.

Thereafter, as both New Jersey and Pennsylvania are members of the Compact, authorities in New Jersey reported the conviction to authorities in Pennsylvania, as required by Article III of the Compact.[3] DOT notified Licensee, by letter sent to his address in Holland, Pennsylvania, that it was suspending his operating privilege for a period of one year as a result of his New Jersey DUI conviction.

Licensee filed a statutory appeal of his suspension with the trial court. On Au-

---

1. Section 1532(b)(3) of the Code provides that DOT "shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance)...." Article IV(a)(2) of Section 1581 of the Code is part of the Driver's License Compact of 1961 (the Compact), an agreement among several states to promote compliance with each party state's motor vehicle laws, and provides that "[t]he licensing authority in the home state, for the purposes of suspension, ... shall give the same effect to the conduct reported ... as it would if such conduct had occurred in the home state in the case of convictions for ... driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug...."

2. N.J.S. § 39:4–50 addresses driving while intoxicated and provides in part:

(a) [A] person who operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood ... shall be subject:

(1) For the first offense, to a fine of not more than $250.00 nor more than $400.00 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day ... in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than six months nor more than one year.

3. Article III of the Compact provides as follows:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute ... violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered ... and shall include any special findings made in connection therewith.

75 Pa.C.S. § 1581, Article III.

gust 14, 2001, the trial court held a *de novo* hearing, at which DOT introduced into evidence a packet of documents, duly certified and under seal, establishing Licensee's New Jersey conviction and notice of suspension from DOT. DOT then rested.

In opposition, Licensee testified on his own behalf that he once lived in Pennsylvania but, due to marital difficulties, permanently moved to Maryland in May of 2000. Additionally, Licensee testified that he was arrested for DUI in New Jersey, which resulted in his conviction for that offense. Thereafter, Licensee testified that he surrendered his Pennsylvania driver's license to Maryland authorities on the same day that he was issued a Maryland driver's license. (R.R. at 7–9). Licensee further testified that DOT notified him that it was suspending his operating privilege approximately two months after he surrendered his Pennsylvania license. In response, Licensee completed a suspension cancellation form, notifying DOT that he had surrendered his Pennsylvania driver's license to Maryland on October 31, 2000. Finally, Licensee testified that he received another letter from DOT stating that DOT could not process the cancellation form because its records indicated that his license was not under suspension. (R.R. at 10–12).

On cross-examination, Licensee admitted that he kept his Pennsylvania driver's license when he moved to Maryland. Additionally, Licensee admitted that he failed to notify DOT in writing that he had moved to Maryland. Finally, Licensee admitted that the letter he received from DOT indicating that it could not process his cancellation form because its records

indicated that his license was not under suspension was because Licensee filed a statutory appeal, thereby automatically staying the suspension. (R.R. at 16–19).

Thereafter, the trial court denied Licensee's appeal and reinstated the suspension imposed by DOT. The trial court concluded that Licensee was a licensed driver in the state of Pennsylvania at the time of his New Jersey conviction. Therefore, the trial court held that DOT had the authority to suspend Licensee's operating privilege.

■ On appeal to this Court,[4] Licensee argues that the trial court erred in determining that Pennsylvania was the "home state" under the Compact. Specifically, Licensee asserts that Pennsylvania is not the "home state" because he surrendered his Pennsylvania driver's license to Maryland authorities before DOT notified him of the imposed suspension. Licensee maintains that DOT was without authority to suspend his operating privilege. We disagree.

■ Initially, we note that pursuant to Article IV of the Compact, the event that triggers the suspension provisions is the driver's conviction. *See Schrankel v. Department of Transportation, Bureau of Driver Licensing*, 562 Pa. 337, 755 A.2d 690 (2000). Moreover, "home state" is defined as "the state which has issued and has the power to suspend or revoke the use of the license or permit to operate a motor vehicle." *See* 75 Pa.C.S. § 1581.

Licensee relies on this Court's decision in *Berner v. Department of Transportation, Bureau of Driver Licensing*, 746 A.2d 1207 (Pa.Cmwlth.2000), in support of his argument. In *Berner*, a Pennsylvania licensee was arrested for DUI in New York.

---

4. Our scope of review of a decision in a license suspension case is to determine if the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

After her arrest, the licensee surrendered her Pennsylvania driver's license to New York authorities and obtained a New York driver's license. After pleading guilty to the DUI charges, New York authorities reported the licensee's conviction to DOT. DOT subsequently notified the licensee that it was suspending her operating privilege for a period of one year as a result of her New York conviction. The licensee appealed to the trial court which sustained her appeal.

DOT appealed to this Court which affirmed the trial court's decision. The *Berner* Court reasoned that although Pennsylvania was the "home state" at the time of the licensee's arrest, it was no longer the "home state" at the time of the conviction. The Court stated:

> At the time of her New York conviction, [the licensee] was no longer licensed in Pennsylvania. Consequently, the Bureau was no longer a 'home state' as defined in the Compact and thus lacked the authority under the Compact (as well as the ability, as a practical matter) to suspend [the licensee's] license.

*Berner,* 746 A.2d at 1208.

We believe that *Berner* is distinguishable from the present matter. Here, Licensee held a Pennsylvania driver's license at the time of his arrest *and* conviction. Thus, Pennsylvania was the "home state" at the time of Licensee's conviction and, therefore, we conclude that the trial court properly dismissed Licensee's appeal.

Accordingly, the order of the trial court is hereby affirmed.

### *ORDER*

AND NOW, this *6th* day of *June,* 2002, the order of the Court of Common Pleas of Bucks County is hereby affirmed.