Matthew R. **LITTERINI**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 17, 2003.
Decided Jan. 15, 2004.

---

No appearance entered on behalf of appellees.

BEFORE: COLINS, President Judge, LEAVITT, Judge and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of Matthew R. Litterini (Licensee) from a one-year suspension of his operating privilege. The suspension was prompted by Licensee's conviction in the State of New Jersey of the offense of driving while intoxicated (DWI) in violation of N.J.S.A. § 39:4–50(a). We reverse the trial court.

On July 24, 2002, Licensee was convicted of DWI for conduct that occurred in New Jersey on July 11, 2002. PennDOT mailed a notice to Licensee at his record address in Pennsylvania notifying him that, pursuant to 75 Pa.C.S. § 1532(b)(3) and the Driver's License Compact (Compact), 75 Pa.C.S. § 1581,[1] his driving privilege was being suspended for one year, beginning on October 9, 2002. Licensee filed a timely appeal of the suspension.

On January 9, 2003, a *de novo* hearing was held before the trial court, at which PennDOT's proferred documents were admitted without objection;[2] these documents established Licensee's New Jersey DWI conviction and the notice of the one-year suspension.

Timothy P. Wile, Asst. Chief Counsel In–Charge, and Terrance M. Edwards, Harrisburg, for appellant.

---

1. Under the Compact, at the time of the Licensee's conviction in New Jersey, a Pennsylvania-licensed driver may have had his operating privilege suspended for conviction of an offense to driving under the influence, conduct which is prohibited under 75 Pa.C.S. § 3731. We note that this section has recently been repealed and replaced with 75 Pa.C.S. § 3802, effective February 1, 2004.

2. Indeed, Licensee stipulated to admission of PennDOT's evidence.

Licensee testified at the hearing, admitting that he pleaded guilty to the New Jersey DWI offense but asserting that he was a New Jersey resident at the time of his conviction, having moved there on February 11, 2002. Licensee produced credible evidence of his New Jersey residence, including a copy of a written offer of employment that he received in February of 2002, a copy of his New Jersey lease, a copy of a moving relocation report, and a copy of his cable installation order for his new home in New Jersey. Licensee explained that he did not surrender his Pennsylvania driver's license and obtain a New Jersey driver's license "[b]ecause at the time I was not aware that I had to." Reproduced Record 16a (R.R. ——). On cross-examination Licensee acknowledged that his Pennsylvania driver's license did not expire until August 31, 2002, five weeks after his DWI conviction on July 24, 2002.

On February 11, 2003, the trial court entered its order. Licensee was a Pennsylvania-licensed driver on the date that he was convicted of a DWI in New Jersey, but the trial court held that, because Licensee was not domiciled in Pennsylvania at the time of his conviction, PennDOT lacked the authority under the Compact to suspend Licensee's operating privilege. Accordingly, the trial court sustained Licensee's appeal, and PennDOT appealed to this Court.[3]

On appeal, PennDOT asserts that the trial court erred as a matter of law. It contends that it is of no moment that Licensee was not a Pennsylvania resident at the time of his DWI conviction in New Jersey. He continued to operate his vehicle under authority of a Pennsylvania license, which gave PennDOT authority under the Compact to suspend his license. We agree.

The trial court based its decision upon our holding in *Berner v. Department of Transportation, Bureau of Driver Licensing*, 746 A.2d 1207 (Pa.Cmwlth.2000). Its reliance on *Berner* was, however, misplaced.

In *Berner*, the licensee attended school in New York but maintained a Pennsylvania driver's license. At the time of her DWI arrest in New York, the licensee produced her Pennsylvania license to the authorities. Prior to entering her guilty plea, however, the licensee surrendered that Pennsylvania license and obtained a New York driver's license.[4] The New York Department of Motor Vehicles then reported her conviction to PennDOT, which notified licensee that her Pennsylvania operating privileges would be suspended. This Court held that because the licensee did not hold a Pennsylvania license *at the time of her conviction*, PennDOT was no longer the "home state" as defined in the Compact.[5]

---

3. Our scope of review of a decision in a license suspension case is to determine if the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

4. Berner obtained her New York license after satisfactorily completing the penalty require-

ments imposed by New York on first time DWI offenders.

5. We explained that PennDOT's "authority under the Compact to suspend the operating privileges of a *Pennsylvania licensee* in accordance with Pennsylvania law arises when the Bureau [of Driver Licensing] receives proper notification that such a licensee has been convicted by a member state of a DUI offense substantially similar to the offense ... articulated in Article IV(a)(2) of the Compact. 75

■ Here, by contrast, Licensee had not surrendered his Pennsylvania license as of the date of his New Jersey DWI conviction, July 24, 2002. Further, there is no evidence that Licensee held a New Jersey license either on the date of his New Jersey DWI conviction or on the date of his hearing before the trial court on January 9, 2003. The trial court found that "for all intents and purposes, Pennsylvania was no longer a 'home state' as defined in the Compact," Trial Court Opinion, 2, because Licensee established legal residency in New Jersey prior to his arrest and conviction. This was error. The domicile of a licensee is not determinative of whether or not Pennsylvania is the "home state" under the Compact. Rather, "home state" is determined by the operator's license, and the only license held by Licensee was a valid and current Pennsylvania license.

More to the point is our recent holding in *Evans v. Com., Department of Transportation, Bureau of Driver Licensing,* 800 A.2d 1001 (Pa.Cmwlth.2002). In *Evans,* the licensee established a permanent residence in Maryland while continuing to maintain his Pennsylvania license. After his conviction for DWI he surrendered his Pennsylvania license to Maryland and obtained a Maryland license. When Pennsylvania subsequently notified the licensee of his suspension, the licensee asserted that Pennsylvania was not the "home state" under the Compact. The licensee contended that because his Pennsylvania license had been surrendered to Maryland before PennDOT notified him of the suspension, PennDOT was divested of authority. We held, however, that it is the driver's license held at the moment of *conviction* that is determinative. Because Pennsylvania was the "home state," *i.e.,* the licensing state, at the time of conviction, PennDOT retained the authority to suspend the licensee's operating privilege.

Unlike the licensee in *Berner,* but very much like the licensee in *Evans,* Licensee held a Pennsylvania driver's license at the time of his conviction on July 24, 2002.[6] Indeed, Licensee continued to hold a Pennsylvania license at the time he received notice of his suspension and even at the time of the hearing on his suspension appeal. Thus, PennDOT had authority under the Compact to suspend Licensee's operating privilege notwithstanding the fact that he was a New Jersey resident at the time of the suspension. We hold, therefore, that for purposes of the Compact Pennsylvania was the "home state" with respect to Licensee's operating privileges.

For these reasons, the trial court is reversed, and the one-year suspension of Licensee's operating privilege is reinstated.

### ORDER

AND NOW, this 15th day of January, 2004, the order of the Court of Common Pleas of Allegheny County dated February 11, 2003 in the above-captioned matter is hereby reversed and the one-year suspension of Appellee's operating privilege is reinstated.

Pa.C.S. § 1581." *Berner,* 746 A.2d at 1208 (emphasis added).

6. In fact, the record discloses that the notice of suspension was mailed by PennDOT to Licensee's address of record in Pennsylvania, Licensee having failed to notify PennDOT of his change of address in a timely manner. His address of record continued to be in Pennsylvania for purposes of notification of the suspension.