618 A.2d 1171

**Alfred R. AMOROSO, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Dec. 11, 1992.

Michael A. George, for appellant.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellee.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Alfred R. Amoroso appeals from an order entered by the Court of Common Pleas of Adams County denying an appeal from the suspension of his motor vehicle operating privilege by the Department of Transportation (DOT) as a consequence of Amoroso's convictions for violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30). Amoroso challenges the constitutionality of Section 13(m) of the Controlled Substance Act, 35 P.S. § 780–113(m),[1] arguing that it violates the due

---

1. Section 13(m) states as follows:

(m) Notwithstanding any other provision in this act, any person, not a registrant, who possesses, sells, delivers, offers for sale, holds for sale or gives away any controlled substance, in addition to any other penalty provided in this or any act, upon conviction for a violation of this act, shall have his or her operating privilege suspended. The clerk of any court of this Commonwealth, within ten days after final judgment of conviction for violations of this act requiring suspension under this section, shall send to the Department of Transportation a record of the conviction on a form provided by the Department of Transportation. When the Department of Transporta-

process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, and that Section 13(m) also violates the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution.

Amoroso pled guilty to three counts of possession of a controlled substance with intent to deliver. By letter dated April 16, 1991, DOT notified Amoroso that as a consequence of his convictions for violations of the Controlled Substance Act, his operating privilege was suspended for periods of ninety days, and one and two years. Amoroso appealed the suspensions to the trial court arguing that because there was no showing that a vehicle was used or employed in any way during the commission of the crimes, Section 13(m) is unconstitutional as it constitutes cruel and unusual punishment and violated the separation of powers doctrine and notions of due process under the United States and Pennsylvania Constitutions. The thrust of Amoroso's argument in this appeal is that Section 13(m) constitutes an arbitrary infringement of individual rights as there is no requirement that a vehicle be used in commission of the offense or that the operator/licensee be a "user" of a controlled substance.

The trial court relied upon *Commonwealth v. Strunk*, 400 Pa.Superior Ct. 25, 582 A.2d 1326 (1990), *appeal denied*, 528 Pa. 630, 598 A.2d 283 (1991), and determined that Section 13(m) is constitutional as there lies a rational connection between the statutory provision under attack and the purpose of the statute. The trial court commented on the historical note contained in *Strunk* which indicates that persons who abuse drugs or alcohol demonstrate a dangerous disregard for

tion suspends the operating privilege of a person under this subsection, the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension.

(2) For a second offense, a period of one year from the date of suspension.

(3) For a third offense, and any offense thereafter, a period of two years from the date of suspension. Any multiple suspensions imposed shall be served consecutively.

the safe legal operation of motor vehicles, and stated that "[t]herein lies the rational connection" for the statute.

This Court's scope of review in an appeal from the suspension of a motor vehicle operating privilege is limited to determining whether the trial court's findings are supported by substantial evidence, whether erroneous conclusions of law were made, or whether the trial court committed an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa.Commonwealth Ct. 274, 580 A.2d 909 (1990). Moreover, it is well established that the only relevant issues in a civil license suspension appeal are whether the licensee was in fact convicted and whether DOT acted in accordance with applicable law. *Tarnopolski v. Department of Transportation, Bureau of Driver Licensing*, 138 Pa.Commonwealth Ct. 698, 589 A.2d 287, *appeal granted*, 529 Pa. 625, 600 A.2d 541 (1991). The underlying criminal conviction may not be collaterally attacked in a license suspension appeal. *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa.Commonwealth Ct. 310, 384 A.2d 269 (1978).

Clearly, Amoroso's constitutional attack on the mandatory penalty provisions of Section 13(m) constitutes a collateral attack of the criminal proceedings to which he pled guilty and is, therefore, beyond this Court's limited scope of review. As this Court indicated in *Meredith v. Department of Transportation*, 141 Pa.Commonwealth Ct. 461, 595 A.2d 792 (1991), the proper forum for such challenges is in an appeal from the licensee's conviction, *see also Strunk;* or, in the alternative, to seek allowance of an appeal nunc pro tunc. *Commonwealth v. Liptak*, 392 Pa.Superior Ct. 468, 573 A.2d 559 (1990). Further, the parties do not dispute that the suspension is civil in nature and Amoroso does not argue that he was not previously informed that he would be subject to a mandatory suspension of his operating privileges which was the issue presented in *Duffey v. Department of Transportation, Bureau of Driver Licensing*, 147 Pa.Commonwealth Ct. 280, 607 A.2d 815 (1992), where this Court permitted a collateral attack on licensee's underlying conviction.

■ It is undisputed that Amoroso was, in fact, convicted of violating the Controlled Substance Act and that DOT acted in accordance with applicable law. Although the trial court erred by reaching the merits of Amoroso's appeal, this Court may affirm the trial court based upon a different rationale if the basis for affirmance is clear in the record. *See Department of Transportation v. Richards*, 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989). Accordingly, as Amoroso's appeal represents a collateral attack of his criminal conviction, his appeal must be denied. The order of the trial court is affirmed.

## ORDER

AND NOW, this 11th day of December, 1992, the order of the Court of Common Pleas of Adams County is affirmed.