Marjorie J. ORNDOFF

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 1994.

Decided Nov. 4, 1994.

Publication Ordered Feb. 1, 1995.

Timothy P. Wile, for appellant.

Harry J. Cancelmi, Jr., for appellee.

Before SMITH and KELLEY, JJ., and
KELTON, Senior Judge.

SMITH, Judge.

The Department of Transportation, Bu-
reau of Driver Licensing (DOT) appeals from
a January 28, 1993 order of the Court of
Common Pleas of Greene County which sus-
tained the appeal of Marjorie J. Orndoff (Li-
censee) from a one-year suspension of her
operating privilege pursuant to Section 1543
of the Vehicle Code (Code), 75 Pa.C.S.
§ 1543.[1] The issues presented to this Court

---

**1.** Section 1543 provides in pertinent part:

    **(c) Suspension or revocation of operating
privilege.**—Upon receiving a certified record of

the conviction of any person under this sec-
tion, the department shall suspend or revoke
that person's operating privilege as follows:

are whether DOT met its burden of proving that Licensee was convicted of violating Section 1543 of the Code; and whether Licensee's contention that her license was not properly under suspension on April 18, 1993 is a collateral attack on the underlying conviction.

It is undisputed that in October 1992, Licensee received citations for speeding and seat belt violations while driving on the Ohio Turnpike. In December 1992, DOT mailed a notification of suspension of Licensee's driving privilege for failure to respond to the Ohio citation pursuant to Section 6146 of the Code, 75 Pa.C.S. § 6146, and the Non–Resident Violator Compact of 1977 (Compact), 10 Pa.B. 3416 (1980). Licensee denied receiving this notification but the trial court correctly noted that absent convincing evidence to the contrary, it must be presumed that Licensee received the notice. Licensee paid the Ohio fines and costs on December 31, 1992 and received notification from the Ohio Department of Highway, Bureau of Motor Vehicles directing that her license be reissued to the original date of expiration.

On April 18, 1993, Licensee was in an automobile accident in Washington, Pennsylvania and was cited for driving while her license was under suspension. She believed that she had a valid Pennsylvania driver's license in her possession because she paid the Ohio fines. After the accident, her father contacted the Ohio magistrate and was told that a notice of payment of the Ohio fine would be forwarded to DOT from the Ohio Bureau of Motor Vehicles. Licensee paid the $25 license restoration fee that DOT requested; contacted her State Representative for advice and assumed everything had been resolved. On July 28, 1993, DOT notified Licensee that her operating privilege was restored and she also received a letter from her State Representative's office that all violations against her driving record had been satisfied.

■ On August 11, 1993, Licensee received a DOT notice of suspension for failure to respond to the citation of April 18, 1993. Although she initially appealed the April citation and a hearing was scheduled, she paid the fine and did not pursue the appeal process purportedly unaware that payment of the fine would result in suspension of her operating privileges. In October 1993, Licensee received notification that her operating privilege would be suspended as a result of her conviction for driving while her license was under suspension. She appealed the suspension and in a de novo hearing, the trial court reinstated Licensee's operating privilege in consideration of the unusual and extraordinary factual circumstances presented in her case. DOT appeals to this Court.[2]

■ Courts of this Commonwealth have consistently recognized that a license suspension is a collateral civil consequence of a criminal conviction and in an appeal from the suspension, a licensee may not attack the validity of the underlying conviction. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174, *cert. denied,* —— U.S. ——, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994). Moreover, this Court has repeatedly held that the only issues in a civil license suspension appeal are whether the motorist was in fact convicted and whether DOT acted in accordance with applicable law. *Amoroso v. Department of Transportation, Bureau of Driver Licensing,* 152 Pa.Commonwealth Ct. 215, 618 A.2d 1171 (1992); *Department of Transportation, Bureau of Driver Licensing v. Greene,* 112 Pa.Commonwealth Ct. 413, 535 A.2d 306 (1988).

DOT argues that it has established a prima facie case against Licensee. A certified record of conviction was received by DOT in August 1993 confirming that Licensee paid the fine and pled guilty to violating Section 1543(a) of the Code. Although Licensee

(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

**2.** In a license suspension appeal, this Court's scope of review is limited to determining wheth-

er the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993).

claims that her operating privilege was not properly suspended pursuant to the April 1993 violation, she failed to supply DOT with evidence of her response to the Ohio citation until sometime after April 1993. When a suspension is imposed under Section 6146 of the Code, the enforcement agreement remains in effect until the home licensing state receives satisfactory evidence of compliance with the out-of-state citation. Article IV of the Compact.[3] Because DOT was bound to act according to the reciprocal agreement between states and acted in accordance with its terms, DOT properly suspended Licensee's operating privileges. *Rhoads v. Commonwealth*, 153 Pa.Commonwealth Ct. 155, 620 A.2d 659 (1993).

 Licensee argues that suspension of her operating privileges for paying the fine is fundamentally unfair, is an interference with her rights of due process, and is unconscionable. Payment of the fine imposed upon a driver constitutes a guilty plea, *Department of Transportation, Bureau of Driver Licensing v. McBrearty*, 123 Pa.Commonwealth Ct. 257, 553 A.2d 1036 (1989); and having been convicted of the offense of driving while under suspension, neither this Court nor the trial court may consider Licensee's claims of extenuating circumstances to mitigate that offense. *See Department of Transportation, Bureau of Traffic Safety v. Calloway*, 60 Pa.Commonwealth Ct. 647, 432 A.2d 322 (1981).[4]

In the case sub judice, DOT provided uncontested evidence that Licensee paid the fine for the April 18, 1993 citation resulting in conviction for driving while her license was under suspension due to the Ohio violation. The trial court erred when it allowed the introduction of Licensee's testimony concerning the circumstances of and defenses to the underlying conviction. *Amoroso*. Consequently, the trial court erred when it sustained Licensee's appeal which constituted a collateral attack on the underlying criminal conviction. The court's order is reversed, and DOT's suspension of Licensee's driving privilege is reinstated.

KELLEY, J., dissents.

*ORDER*

AND NOW, this 4th day of November, 1994 the order of the Court of Common Pleas of Greene County is reversed, and the suspension of Appellee's operating privilege by the Department of Transportation, Bureau of Driver Licensing, is hereby reinstated.

---

3. Article IV provides in pertinent part:
   (a) Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded.

4. In *Greene*, the licensee believed that he timely paid his citation; he was later stopped by police and advised that he was driving under suspension because of nonpayment of the fine imposed. Although the trial court sustained the licensee's appeal, this Court determined that the trial court erred because the propriety of the criminal conviction cannot be collaterally attacked in a subsequent civil suspension proceeding.