David **BATTLE**

v.

**COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 1997.

Decided Dec. 9, 1997.

Barbara A. Darkes, Asst. Counsel, Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), appeals from the February 6, 1997 order of the Court of Common Pleas of Allegheny County (trial court) which sustained the statutory appeal of David A. Battle (Licensee) from a six-month suspension of his driving privilege.[1] We reverse.

Licensee's license was suspended effective November 7, 1996, pursuant to Section 1532(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(2), which requires the Department to impose a six-month suspension of a driver's operating privilege upon receiving a certified record of the driver's conviction of a subsequent offense under Section 1501(a) of the Vehicle Code, 75 Pa.C.S. § 1501(a) (requiring drivers to be licensed), if the subsequent offense occurs within five years of the violation date of the prior offense. Licensee filed a statutory appeal on December 3, 1996, and the trial court held a de novo hearing on February 6, 1997.

---

1. Licensee's counsel was granted leave to withdraw by order of this Court dated September 22, 1997. Licensee chose not to file a brief on appeal.

At the hearing, the Department entered into evidence a set of duly certified copies of documents which included: 1) the Official Notice of Suspension, dated, mailed and effective November 7, 1996; 2) a Record of Conviction Detail received by the Department electronically from the District Court No. 05246, for Citation No. 0098671T, reflecting a violation date of February 23, 1983 and conviction date of October 7, 1996; 3) Citation No. A357380, dated September 3, 1986, with the Certification of Disposition dated November 20, 1986, attached; and 4) Licensee's Driving Record, as per the Department's file. The Department rested upon admission of these documents.

Licensee's counsel acknowledged on the record that the suspension resulted from Licensee's two convictions of violating Section 1501(a), which violations occurred in 1983 and 1986. He stated that the suspension resulted from Licensee's attempt to have his operating privileges restored in 1996, at which time he was informed of an outstanding 1983 citation.[2]

Licensee objected to the admission of the Department's Exhibit # 3, a certified copy of the citation issued in 1986, arguing that the citation number and the date of conviction were illegible. The trial court agreed that the document was illegible and inadmissible, concluded that the Department had failed to meet its burden of proof, and sustained Licensee's appeal.

■ On appeal to this Court,[3] the Department argues that the trial court erred as a matter of law, as there is no question that Licensee was convicted of twice violating Section 1501(a) within five years. First, the Department argues that the copy of the 1986 citation is sufficiently legible and should have been admitted into evidence. The Department further argues that even if that documentation were not legible, the certified driving record of Licensee specifically lists the November 20, 1986 conviction of the September 3, 1986 violation. Finally, the Department points to the admission by Licensee's counsel that Licensee had been twice convicted of driving without a license, the violations having occurred in 1983 and 1986.

■ The authority of the trial court in reviewing an administrative suspension of a driver's license is limited to determining whether the licensee was in fact convicted and whether the Department acted in accordance with the applicable law. *Amoroso v. Department of Transportation, Bureau of Driver Licensing*, 152 Pa.Cmwlth. 215, 618 A.2d 1171 (1992). While the trial court is authorized by law to act independently, it is required, nevertheless, to act in accordance with the evidence. *Department of Transportation, Bureau of Traffic Safety v. Buffin*, 278 A.2d 366 (Pa.Cmwlth.1971). We agree with the Department that the record does not support the trial court's order and, accordingly, we reverse that order and reinstate the six-month suspension of operating privileges imposed by the Department.

### ORDER

NOW, December 9, 1997, the order of the Court of Common Pleas of Allegheny, at No. S.A. 1352 of 1996, dated February 6, 1997, is reversed and the suspension imposed by the Department of Transportation, Bureau of Driver Licensing is reinstated.

---

**2.** The record reflects that Licensee's license had been suspended for his failure to respond to the 1983 citation.

**3.** Our scope of review in a license suspension case is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed an error of law or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996).