Garrett A. **CURRY**, Appellant

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 23, 2009.

Decided Jan. 21, 2010.

James Martin Connell, Bethlehem, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.[1]

OPINION BY Judge LEAVITT.

Garrett A. Curry (Licensee) appeals an order of the Court of Common Pleas of Northampton County (trial court) denying his appeal of a one-year suspension of his operating privilege. Licensee contends that the trial court erred by treating his underlying DUI conviction as a second offense in the license suspension proceeding because Licensee's plea agreement in criminal court designated it as a first offense. Finding no error by the trial court, we affirm.

On April 17, 2008, Licensee was arrested in Pennsylvania for driving under the influence of alcohol. On November 7, 2008, after negotiating a plea agreement with the Northampton County District Attorney's office, Licensee pled guilty to a first offense of general impairment under Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1).[2] That offense carries a required sentence of six months probation and a $300 fine but does not mandate a suspension of a driver's license.[3] At the hearing on the plea agreement, Licensee's counsel stated that his client was "pleading guilty to DUI as a first offense." Notes of Testimony, November 7, 2008, at 2 (N.T., Nov. 7, 2008, at ——). The trial court judge approved the plea agreement and

stated on the record that there would be "[n]o loss of license." *Id.* at 4.

Unbeknownst to the district attorney, the trial court judge and, apparently, Licensee's counsel, Licensee had committed a similar DUI offense in New York on November 6, 2007, prior to committing the Pennsylvania offense.[4] He was convicted of the New York offense on May 15, 2008.

In a Notice of Suspension dated December 3, 2008, the Department notified Licensee that his driving privilege was being suspended for one year because of his "conviction of violating Section 3802 [ (a)(1) ] of the Vehicle Code. DUI GENERAL IMPAIRMENT on 04/17/2008." Supplemental Reproduced Record at 7b (S.R.R.——). By imposing a one-year suspension, the Department treated Licensee's Pennsylvania conviction as his second offense, with the New York DUI conviction being the first. Licensee appealed the suspension.

On April 30, 2009, the trial court conducted a hearing on Licensee's suspension appeal. The following certified documents were admitted into evidence: (1) a copy of the Notice of Suspension; (2) a copy of the Report of the Clerk of Courts of Northampton County showing Licensee's conviction on November 7, 2008; (3) a copy of the Acknowledgement of Suspension that Licensee submitted to the Department; (4) a copy of the Department's notice to Licensee dated June 17, 2008, that the Department received information from the

---

1. The decision in this case was decided before Senior Judge McCloskey retired on December 31, 2009.

2. Section 3802(a)(1) states: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1).

3. The applicable sentencing provision in the Vehicle Code states: "[A]n individual who violates section 3802(a) ... [f]or a first offense, [must] (i) undergo a mandatory minimum term of six months' probation; [and] (ii) pay a fine of $300." 75 Pa.C.S. § 3804(a)(1).

4. The statute under which Licensee was charged in New York is not of record. Licensee does not contest that the New York offense is "substantially similar" to its Pennsylvania counterpart.

state of New York regarding Licensee's New York DUI conviction;[5] (5) a copy of the New York Department of Motor Vehicles Report detailing Licensee's May 15, 2008, conviction; and (6) Licensee's Certified Driving History. S.R.R. 6b–17b. The Department explained that the suspension at issue was based upon Licensee's Pennsylvania conviction, not the New York conviction.

In response to the Department's case, Licensee argued that he would not have accepted the district attorney's plea agreement had he known his operating privileges would be suspended. He claimed he "could have . . . availed himself to his right to a trial." N.T., April 30, 2009, at 7. Further, Licensee argued that the New York offense could not count as his "first offense" because he was not actually convicted in New York until after he committed the Pennsylvania offense. Stated another way, Licensee believed that his New York offense did not "count" until it had been established by conviction. Accordingly, Licensee claimed that his Pennsylvania offense was in fact his first offense because it preceded his New York conviction.

The trial court denied Licensee's appeal of his one-year suspension. The trial court disagreed with Licensee's argument that the New York offense did not constitute a "prior offense" under Section 3806(b).[6] In its opinion, the trial court explained that "because the conviction for the New York offense came before the Pennsylvania sentencing, [Licensee] did in fact have a prior offense at the time of his Pennsylvania sentencing." Trial Court Opinion at 3.

■ With respect to Licensee's claim that denying his appeal "deprived him of the benefit of his bargain under the plea agreement," the trial court explained that "the Department . . . is not bound to the terms of a negotiated plea involving an agreement not to impose a mandatory license suspension." *Id.* The trial court noted that a civil proceeding concerning an operating privilege suspension is completely separate from the underlying criminal charges. For the foregoing reasons, the trial court concluded that Licensee's suspension appeal was properly denied. Licensee now petitions for this Court's review.[7]

On appeal, Licensee raises one issue.[8] Licensee claims that the trial court erred

---

5. This June 17, 2008 notice indicated that the New York "conviction has been made part of your Pennsylvania driver record." S.R.R. 11b. Further, the notice explained that "[s]ince this is the only driving under the influence violation recorded on your Pennsylvania driver record within the past ten years, no license suspension is being imposed at this time." *Id.* This letter demonstrates that the Department had not yet been notified of Licensee's Pennsylvania DUI offense, which pre-dated the notice but for which Licensee would not be convicted until November 7, 2008.

6. Section 3806(b) states in pertinent part:
   [P]rior offenses . . . shall include any conviction . . . within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802; [or]
. . .

\* \* \*

(3) an offense substantially similar to an offense under paragraph (1) . . . in another jurisdiction.
75 Pa.C.S. § 3806(b).

7. Our scope of review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates an abuse of discretion. *Oden v. Commonwealth*, 86 Pa. Cmwlth. 215, 484 A.2d 837, 837–38 (1984).

8. Licensee originally identified two issues on appeal, with the second involving whether the trial court erred in determining that 75 Pa.

in denying his appeal because he entered a guilty plea to a "first offense" under Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1), which does not mandate a license suspension. This argument lacks merit.

■ To begin, the Vehicle Code authorized Licensee's one-year license suspension. When Licensee entered his guilty plea to the charge under Section 3802(a)(1), he had already been convicted in New York of a substantially similar offense. Pursuant to Section 3804(e) of the Vehicle Code, the Department was required to suspend Licensee's operating privilege for 12 months.[9] *See also* Section 3806(a)(3) of the Vehicle Code, 75 Pa.C.S. § 3806(a)(3) (defining a "prior offense," in pertinent part, as "a conviction . . . before the sentencing on the present violation for . . . an offense substantially similar to an offense [under Section 3802] in another jurisdiction."). In sum, because the conviction for Licensee's New York offense occurred before his Pennsylvania sentencing, and because the two offenses were substantially similar, Licensee had a "prior offense" at the time of his Pennsylvania sentencing. The Department properly

suspended Licensee's operating privileges for one year.

■ Turning to Licensee's issue on appeal, he argues that the Department could not suspend his license because his plea agreement with the district attorney specified that there would be no suspension.[10] Licensee's position is devoid of merit. It is well-settled "that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind" the Department in any decision concerning a subsequent license suspension. *Department of Transportation, Bureau of Driver Licensing v. Lefever,* 111 Pa.Cmwlth. 105, 533 A.2d 501, 503 (1987). Further, this Court has held that "a conviction for driving under the influence" is not to be used as a "bargaining chip" because it involves "mandatory civil penalties, imposed . . . 'to protect the public.'" *Id.* (quoting *Commonwealth v. Ebert,* 31 Pa.Cmwlth. 82, 375 A.2d 837, 839 (1977)). Thus, Licensee's plea agreement was of no consequence in his license suspension proceeding.

For all of the foregoing reasons, we affirm the order of the trial court.

C.S. § 3806(a) controlled the question of what constituted a "prior offense." Licensee elected not to argue this issue in his brief since it was recently decided by this Court in *Gigous v. Department of Transportation, Bureau of Driver Licensing,* 966 A.2d 1200 (Pa.Cmwlth. 2009).

9. Section 3804(e) provides, in relevant part:
   (e) Suspension of operating privileges upon conviction.—
      (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
      (i) an offense under section 3802; or
      (ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under

Article III of the compact in section 1581 (relating to Driver's License Compact).
   (2) Suspension under paragraph (1) shall be in accordance with the following:
      (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.
75 Pa.C.S. § 3804(e).

10. More specifically, Licensee contends that the Department violated his due process rights under the United States and Pennsylvania Constitutions, his right to the benefit of his bargain in the plea negotiation, and principles of equitable fairness by subjecting him to punishment for a more serious crime than that for which he was convicted.

## ORDER

AND NOW, this 21st day of January, 2010, the order of the Court of Common Pleas of Northampton County dated April 30, 2009, in the above-captioned matter is hereby AFFIRMED.