Connor Robert Vance     :
              :
      v.       :  No. 1621 C.D. 2016
              :  Submitted: March 24, 2017
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing,   :
              :
      Appellant   :

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS        FILED: May 24, 2017

    The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Chester County (Trial Court) sustaining the appeal of Connor Robert Vance (Licensee) from a one-year suspension of his driver's license imposed by the Department based on a conviction of driving with a suspended sentence. We agree with the Department that it met its burden of proof related to the one-year license suspension and Licensee did not present evidence to rebut the basis for the suspension. However, as the Department acknowledges in its brief, Licensee presented evidence at the hearing that identified a breakdown in the administrative process that may have prevented him from timely responding to the underlying

citations. Therefore, in accordance with this Court's opinion in *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067 (Pa. Cmwlth. 2010), we vacate the Trial Court's order sustaining Licensee's appeal of the one-year license suspension and remand this matter to the Trial Court with directions to hold Licensee's appeal in abeyance while he may pursue a *nunc pro tunc* appeal[1] of the underlying citations.

On June 28, 2016, the Department sent a notice to Licensee informing him that his driving privilege was being suspended for one year based on an August 21, 2014 conviction for an August 9, 2014 violation of Section 1543(a) of the Vehicle Code, 75 Pa. C.S. § 1543(a), which provides that any person driving a motor vehicle with a suspended, revoked or cancelled license is guilty of a summary offense. (Notice of Suspension, Reproduced Record (R.R.) 5a.) The one-year suspension was authorized pursuant to subsection (c)(1) of Section 1543, which provides that:

> (c) Suspension or revocation of operating privilege.**--** Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:
>
> > (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.

75 Pa. C.S. § 1543(c)(1).

---

[1] *Nunc pro tunc,* a Latin phrase meaning "now for then," denotes an order "[h]aving retroactive legal effect through a court's inherent power." *Black's Law Dictionary* 1174 (9th ed. 2009). "When an order is signed '*nunc pro tunc*'...it means that a thing is now done which should have been done [as of an earlier] date." *Id.* (citing 35A C.J.S. *Federal Civil Procedure* § 370 (1960)).

Licensee filed a timely appeal of the notice of suspension, and on September 1, 2016 a hearing was held before the Trial Court. At the hearing, Licensee appeared *pro se*, and his mother assisted in presenting his argument without objection by the Department's counsel. (Sept. 1, 2016 Hearing Transcript (H.T.) at 3, R.R. 9a.) The Department submitted into evidence a packet of certified documents that included a conviction report for Licensee's violation of Section 1543(a), copies of two October 11, 2013 notices of suspension sent to Licensee informing him that his driving privilege was being suspended indefinitely effective November 1, 2013, and a copy of Licensee's "Certified Driving History." (*Id.* at 3-4, R.R. 9a-10a; Exhibit C-1, R.R. 29a, 32a-44a.)

Licensee testified at the hearing that he was pulled over for speeding on August 9, 2014 and that he "had no clue" that his license was suspended when informed by the officer. (H.T. at 18-19, R.R. 24a-25a.) In addition, Licensee stated that he had contacted the Department on multiple occasions attempting to pay the fines for the tickets that resulted in his October 11, 2013 provisional suspensions, but that "everybody is throwing us in a million different directions" and he felt that his only recourse was to file an appeal from the June 28, 2016 suspension. (*Id.* at 5, 17-19, R.R. 11a, 23a-25a.) Licensee's mother stated that Licensee never received notice of the magisterial district judge hearing for the alleged 2013 violations and that when she and her son attempted to resolve the suspension that resulted from the failure to pay those fines, they discovered that the Freeland district court in Luzerne County, which was listed on the notices of suspension and Department restoration letter, had closed. (*Id.* at 5-6, 14, R.R. 11a-12a, 20a.) Licensee's mother further explained that she and her son made numerous further unsuccessful attempts to contact the Department and the other

3

district courts in Luzerne County before finally discovering which district court received the closed court's docket. (*Id*. at 6-7, 14-17, R.R. 12a-13a, 20a-23a.) Licensee's mother stated that she then learned that she did not receive notice of the Freeland district court's closure or the transfer to a new district court because the district court had an outdated address that did not reflect the updated address on file for Licensee with the Department. (*Id*. at 7, 11, R.R. 13a, 17a.)

Following the hearing, the Trial Court entered an order sustaining Licensee's appeal and rescinding Licensee's suspension. The Department then timely appealed the Trial Court's order.[2] In its subsequent opinion issued pursuant to Rule of Appellate Procedure 1925(a), the Trial Court explained that it found credible both Licensee's and his mother's accounts of the "extraordinary and continuing efforts" undertaken to pay his fines and resolve his suspensions and "the resulting frustration of being referred back to the closed district court each and every time." (Nov. 15, 2016 Opinion at 3-4.) Though the Trial Court found that a *nunc pro tunc* appeal of the underlying convictions would have been an appropriate avenue for Licensee to have taken and was warranted on the record, the Trial Court concluded that fundamental fairness and due process required that the appeal from the June 28, 2016 notice of suspension be sustained and that sending Licensee "back to square one with a *nunc pro tunc* appeal and continue the seemingly never-ending bureaucratic odyssey of obstruction was an untenable result." (*Id*. at 4 (emphasis added).)

---

[2] This Court's review of a trial court order in an appeal from a license revocation is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Piasecki*, 6 A.3d at 1070 n.7.

4

Before this Court, the Department argues that it met its burden of proof regarding the one-year license suspension imposed on Licensee by presenting certified documents that demonstrated that the Department's records accurately reflected that Licensee's license was suspended when he received a citation on August 9, 2014 for driving on a suspended license in violation of Section 1543(a) and that the Department received a record of Licensee's August 21, 2014 conviction for that violation. The Department contends that Licensee did not present any evidence to rebut the Department's evidence that the records supporting the one-year license suspension were accurate and instead the testimony regarding the difficulty that Licensee had in resolving the citations that led to his October 11, 2013 provisional license suspensions was an impermissible collateral attack on those earlier convictions. Therefore, the Department asserts that the Trial Court's order sustaining Licensee's appeal was in error.[3]

We agree that the Trial Court erred in sustaining Licensee's appeal and rescinding the license suspension. In a license suspension appeal, the Department bears the initial burden to establish that a record of conviction supports the suspension. *Zawacki v. Department of Transportation, Bureau of Driver Licensing*, 745 A.2d 701, 703 (Pa. Cmwlth. 2000). To establish a suspension of a licensee's driving privileges pursuant to Section 1543(c)(1), the Department must show that (i) the Department received a record of conviction for a violation of Section 1543(a) and (ii) the Department's records show that the licensee's license was "under suspension, recall or cancellation on the date of violation, and had not been restored." 75 Pa. C.S. § 1543(c)(1); *Piasecki*, 6 A.3d at 1070-71; *Orndoff v.*

---

[3] As a result of his failure to file a brief, on March 20, 2017 this Court entered an order precluding Licensee from participating in this appeal.

*Department of Transportation, Bureau of Driver Licensing*, 654 A.2d 1, 2-3 (Pa. Cmwlth. 1994). Once the Department meets its *prima facie* burden, the burden shifts to the licensee to show by "clear and convincing evidence" that the Department's records are incorrect. *Piasecki*, 6 A.3d at 1071; *Carter v. Department of Transportation, Bureau of Driver Licensing*, 838 A.2d 869, 872 (Pa. Cmwlth. 2003). The sole issues before this Court or the trial court are whether the licensee was in fact convicted and whether the Department acted in accordance with applicable law. *Piasecki*, 6 A.3d at 1071; *Orndoff*, 654 A.2d at 2. "[A] licensee may not collaterally attack an underlying criminal conviction in a civil license suspension proceeding." *Commonwealth v. Duffey*, 639 A.2d 1174, 1177 (Pa. 1994).

Here, the evidence submitted by the Department at the hearing demonstrated that Licensee was cited for the offense of driving while his operating privilege was suspended or revoked on August 9, 2014 and that he was convicted by guilty plea on August 21, 2014. (Exhibit C-1, R.R. 32a.) In addition, the Department showed that it sent Licensee two notices of suspension on October 11, 2013 informing him that his driving privilege was being suspended indefinitely effective November 1, 2013 pursuant to Section 1533(a) of the Vehicle Code based on his failure to make payments of fines, costs and restitution for violations of exceeding maximum speed and an expired registration related to an incident that occurred on September 4, 2013. (Exhibit C-1, R.R. 33a, 36a.) Licensee's "Certified Driving History," which the Department also submitted into evidence at the hearing, demonstrated that the indefinite suspensions effective on November 1, 2013 remained in effect through the date of Licensee's August 9, 2014 violation of Section 1543(a). (H.T. at 4, R.R. 10a; Exhibit C-1, R.R. 40a-44a.)

6

The Department thus met its *prima facie* burden of demonstrating Licensee's Section 1543(a) conviction and that his license was in fact under suspension as of the date of the offense, and the burden shifted to Licensee to show by clear and convincing evidence that the records supporting the showing of the conviction were erroneous. At the hearing, the only evidence offered by Licensee regarding the Section 1543(a) violation was his admission that he was pulled over for speeding on August 9, 2014 and his statement that he was not aware that his license was suspended at that time. (H.T. at 18-19, R.R. 24a-25a.) Such evidence is insufficient to show that Licensee's August 21, 2014 conviction for violating Section 1543(a) was in error. As this Court has previously held, Licensee's unawareness that his license was suspended when he was cited for driving with a suspended or revoked license will not satisfy a licensee's burden to rebut a suspension under Section 1543(a). *Piasecki*, 6 A.3d at 1071; *Orndoff*, 654 A.2d at 3 & n.4. The Trial Court's order sustaining Licensee's one-year suspension was thus in error.

Nevertheless, though the Department maintains that the Trial Court erred by sustaining Licensee's appeal from the one-year suspension, it also acknowledges that the difficulties Licensee faced in attempting to resolve the 2013 citations potentially represented a breakdown in the administrative process. Therefore, the Department requests that this Court enter the same relief as in this Court's decision *Piasecki*, where, based on the "unique, compelling, and narrow factual situation presented" in that case, we vacated the trial court's order sustaining a license appeal but directed the trial court to hold the suspension in abeyance on remand so that the licensee could pursue a *nunc pro tunc* appeal of the underlying conviction within a reasonable period of time. 6 A.3d at 1074-75.

7

While the factual situation here is not the same as in *Piasecki*,[4] Licensee presented evidence to the Trial Court of a series of miscommunications and potential errors, including evidence that he received misleading information in the notices and restoration letter regarding the district court in which he could challenge his citations or pay the fines that led to his October 11, 2013 provisional license suspension, that the Department and other district courts were unable to provide Licensee and his mother with any information regarding which district court received the transferred docket, and Licensee's alleged failure to receive notice of the magistrate hearings for the underlying convictions. The testimony of Licensee and his mother which substantiates these allegations was found to be credible by the Trial Court. Thus, we agree with the Department that the narrow facts of this case may rise to the level of a breakdown in the administrative process that would justify a *nunc pro tunc* appeal of the underlying convictions.[5]

---

[4] In *Piasecki*, the licensee testified at a hearing before the trial court that his license was initially suspended because his bank did not honor a check written to the Department for a license renewal. 6 A.3d at 1069 & n.4. The licensee testified that he made the necessary payments and was told by a Department employee that his license would be restored five days after payment. *Id*. at 1070. The licensee was then cited for driving with a suspended license on May 5, 2009 while under the mistaken belief that his license had been restored, and he subsequently received a notice of a one-year suspension from the Department. *Id*. The licensee pleaded not guilty to this violation, but did not receive a notice of the hearing, which the licensee attributed to the fact that the officer who gave him the citation wrote down an old address from his license rather than the newer address on his change-of-address card. *Id*. In addition, the licensee testified that, following the issuance of the citation, he received an undated letter from the Department indicating that his license had been restored on May 15, 2009. *Id*.

[5] An appeal may be permitted *nunc pro tunc* only where the delay in the filing of the appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process or non-negligent circumstances related to the appellant, her counsel or a third party. *Bureau Veritas North America, Inc. v. Department of Transportation*, 127 A.3d 871, 879 (Pa. Cmwlth. 2015); *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). An administrative breakdown occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric*
**(Footnote continued on next page…)**

Accordingly, pursuant to our decision in *Piasecki*, we vacate the order of the Trial Court sustaining Licensee's appeal from the June 28, 2016 notice of suspension and remand to the Trial Court with directions that the Trial Court hold Licensee's license suspension appeal in abeyance to allow Licensee to seek permission to appeal the September 4, 2013 convictions *nunc pro tunc*. Furthermore, as the Department notes in its brief, Licensee would also be required to file a *nunc pro tunc* appeal of his August 21, 2014 conviction for violating Section 1543(a).[6] If Licensee is unsuccessful in seeking leave to file a *nunc pro tunc* appeal or does not attempt to seek leave within a reasonable period of time,

---

**(continued…)**
*Corp. v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000).

[6] At the Trial Court hearing, Licensee's mother stated that they had attempted to appeal the underlying 2013 citations but had been informed by the district court that she could not fight the tickets because they were "too old." (H.T. at 9, 16-17, R.R. 15a, 22a-23a.) In response, counsel for the Department advised Licensee and his mother that they should carefully consider retaining an attorney to file *nunc pro tunc* appeals of the underlying citations, a recommendation which the Department repeated in its appellate brief. (*Id.* at 9, R.R. 15a; Department Br. at 22-23.) As is often stated by the courts of this Commonwealth, a *pro se* litigant obtains no special benefit as a result of his unrepresented status and "assume[s] the risk that his lack of expertise and legal training will prove his undoing." *See, e.g.*, *Piasecki*, 6 A.3d at 1073 (quoting *Vann v. Unemployment Compensation Board of Review*, 494 A.2d 1081, 1086 (Pa. 1985)). However, while an unrepresented litigant may be at a disadvantage of legal expertise and training, a "*pro se* litigant is granted the same rights, privileges and considerations as those accorded a party represented by counsel." *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999). Therefore, it must be emphasized that it is not strictly necessary to retain an attorney to prepare and file petitions for leave to file *nunc pro tunc* appeals of the three underlying citations and any court would act improperly to refuse to permit such a filing by a *pro se* litigant simply based on the fact that he was unrepresented.

the Trial Court is directed to resolve the instant license appeal in a manner consistent with this opinion.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Connor Robert Vance          :
                           :
          v.               :    No. 1621 C.D. 2016
                           :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                           :
         Appellant      :

## O R D E R

AND NOW, this 24th day of May, 2017, the order of the Court of Common Pleas of Chester County in the above-captioned case is VACATED and this matter is REMANDED for further proceedings consistent with this Court's opinion.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge