IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laurie Ann Santine,                          :
                    Appellant               :
                                             :
          v.                                 :     No. 429 C.D. 2020
                                             :     Submitted: February 5, 2021
Commonwealth of Pennsylvania,                :
Department of Transportation,                :
Bureau of Driver Licensing                   :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                        FILED: April 19, 2021


          Laurie Ann Santine (Licensee) appeals an order of the Court of
Common Pleas of Luzerne County (trial court) denying her appeal of a one-year
suspension of her driver's license by the Commonwealth of Pennsylvania,
Department of Transportation, Bureau of Driver Licensing (Department). The
Department suspended Licensee's driving privilege because she was convicted of
driving under the influence under Section 3802(a)(1) of the Vehicle Code, 75 Pa.
C.S. §3802(a)(1), and it was her second offense. On appeal, Licensee argues that
the Department did not satisfy its burden of proof. Discerning no error by the trial
court, we affirm.

          The pertinent facts are not in dispute. On July 23, 2019, Licensee was
convicted of driving under the influence (DUI) of alcohol or a controlled substance

under Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. §3802(a)(1).[1] This was Licensee's second conviction for an offense under Section 3802(a)(1). On August 7, 2019, the Department imposed a one-year suspension of Licensee's operating privilege, effective September 11, 2019, for the 2019 conviction. Licensee appealed the license suspension, arguing that she pled guilty to DUI, general impairment, believing that the penalty would be a $300 fine with no loss of license. Notes of Testimony, 3/2/2020, at 2-3 (N.T. __); Reproduced Record at 30a (R.R. __).

At the hearing before the trial court, the Department offered into evidence a certified copy of Licensee's conviction reports, on the Department's form DL-21, for her 2019 conviction and her prior conviction on December 17, 2014.[2] R.R. 15a, 17a. In addition, the Department offered into evidence Licensee's certified driving record. The trial court admitted the records.

In response, Licensee's counsel stated that "in the criminal proceeding, … the high tier [blood alcohol content] being .127 was withdrawn and she pled guilty to a general impairment." N.T. 2; R.R. 30a. Licensee's counsel stated that "[g]eneral impairment" carried "a $300 fine and no loss of license." N.T. 2-3; R.R. 30a. For her part, Licensee testified she "had the flu" and "was taking medications[.]" N.T. 4; R.R. 30a. She testified that she "did not drink any alcohol that night." N.T. 3-4; R.R. 30a.

---

[1] Section 3802(a)(1) states:

    (a) General impairment.--

        (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a)(1).

[2] On December 31, 2013, Claimant was charged with DUI, general impairment, in violation of Section 3802(a)(1) of the Vehicle Code. R.R. 17a, 20a.

2

The trial court denied Licensee's license appeal for the stated reason that Licensee's certified driving record demonstrated that the 2019 conviction was a second offense. Accordingly, the Vehicle Code required a one-year suspension of Licensee's driving privilege. Licensee appealed to this Court.

On appeal,[3] Licensee argues that the trial court abused its discretion and claims that the proceedings before the trial court were deficient. In support of her claim, Licensee asserts that "[n]o witnesses were sworn, no testimony taken from the parties or cross-examination performed[.]" Licensee Brief at 9.

In a license suspension case, "the only issues are whether the licensee was in fact convicted, and whether [the Department] has acted in accordance with applicable law." *Spagnoletti v. Department of Transportation, Bureau of Driver Licensing*, 90 A.3d 759, 766 (Pa. Cmwlth. 2013). The Department has the burden of proving the fact of licensee's conviction. *Dyson v. Department of Transportation, Bureau of Driver Licensing*, 18 A.3d 414, 417 (Pa. Cmwlth. 2011). "An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension." *Glidden v. Department of Transportation, Bureau of Driver Licensing*, 962 A.2d 9, 12 (Pa. Cmwlth. 2008).

Here, the Department produced Licensee's certified conviction reports on form DL-21 and her certified driving record. The conviction reports showed that in 2019, Licensee was convicted of DUI under Section 3802(a)(1) of the Vehicle Code, which was an ungraded misdemeanor. The conviction reports also showed that Licensee had a prior DUI conviction under Section 3802(a)(1) in 2014, which

---

[3] In a license suspension case, this Court's scope of review is limited to determining "whether the trial court's findings are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates an abuse of discretion." *Curry v. Department of Transportation, Bureau of Driver Licensing*, 988 A.2d 760, 762 n.7 (Pa. Cmwlth. 2010).

was another ungraded misdemeanor. These certified documents satisfied the Department's initial burden of proving Licensee's convictions under Section 3802(a)(1) of the Vehicle Code. *Glidden*, 962 A.2d at 13.

To rebut the Department's *prima facie* case, Licensee had to prove by clear and convincing evidence the conviction reports were erroneous. *Dyson*, 18 A.3d at 417. Clear and convincing evidence is "evidence that is so clear and direct as to permit the trier of fact to reach a clear conviction, without hesitancy, as to the truth of the facts at issue." *Spagnoletti*, 90 A.3d at 766 (quoting *Mateskovich v. Department of Transportation, Bureau of Driver Licensing*, 755 A.2d 100, 102 n.6 (Pa. Cmwlth. 2000)).

Here, Licensee did not present any rebuttal evidence regarding her DUI convictions. Rather, her attorney offered his opinion that a general impairment DUI conviction did not trigger a license suspension. An attorney's statement at trial is not evidence. *Anderson v. Department of Transportation, Bureau of Driver Licensing*, 744 A.2d 825, 827 (Pa. Cmwlth. 2000) (quoting *Commonwealth v. LaCava*, 666 A.2d 221, 231 (Pa. 1995)). Although Licensee testified that she had not been drinking on the evening of her 2019 arrest, she cannot use a license suspension appeal to attack her conviction. *Amoroso v. Department of Transportation, Bureau of Driver Licensing*, 618 A.2d 1171, 1173 (Pa. Cmwlth. 1992).

When Licensee entered her guilty plea to the charge under Section 3802(a)(1) in 2019, she had already been convicted of the same offense in 2014. Section 3804(e) of the Vehicle Code provides, in pertinent part, as follows:

(e) Suspension of operating privileges upon conviction.--

4

(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

(i)   an offense under section 3802; []

\*\*\*

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i)   Except as provided for in subparagraph (iii), *12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.*

(ii)  18 months for a misdemeanor of the first degree or felony of the third degree under this chapter.

(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) *and the person has no prior offense*.

\*\*\*

75 Pa. C.S. §3804(e) (emphasis added). *See also* Section 3806(a)(1) of the Vehicle Code, 75 Pa. C.S. §3806(a)(1) (defining a "prior offense," in pertinent part, as "a conviction ... before the sentencing on the present violation for ... an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)"). Because Licensee had a "prior offense," Section 3804(e)(2)(i) of the Vehicle Code required Licensee's operating privilege to be suspended for one year.

5

Licensee challenges the "method by which the trial court conducted the hearing and collection of evidence[.]" Licensee Brief at 9. Specifically, Licensee argues that "no party was administered an oath prior to providing testimony." *Id*. She also contends that "neither party was called to testify or otherwise independently examined by the [trial court.]" *Id*. at 10.

We reject these claims. The transcript shows that "all parties were duly sworn." N.T. 2; R.R. 30a. Further, the parties had the opportunity to call witnesses and present evidence. The Department introduced certified records of Licensee's convictions, which satisfied its *prima facie* burden. In response, Licensee testified on her own behalf. N.T. 3-4; R.R. 30a. Licensee could have called additional witnesses or presented evidence to rebut the Department's documentary evidence proving her DUI convictions, but she did not do so.

For all the foregoing reasons, we affirm the order of the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Laurie Ann Santine, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 429 C.D. 2020 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

# **O R D E R**

AND NOW, this 19th day of April, 2021, the order of the Court of Common Pleas of Luzerne County dated March 2, 2020, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita